

4242 MERRICK ROAD, MASSAPEQUA, NEW YORK 11758

| ATTORNEYS | PARALEGALS |
|---|---|
| JUSTIN M. REILLY, ESQ. | ROSA COSCIA |
| KEITH E. WILLIAMS, ESQ. | CATALINA ROMAN |

**Via: EDNY ECF**                                                                                        **March 18, 2025**

Honorable Judge Anne Y. Shields
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re:**   *Contreras v. Polar Property Services, Inc., et al.*; 2:25-cv-00418-AYS

Dear Hon. Judge Shields,

I represent Defendants, Polar Property Services, Inc., John A. Romanelli, and Richard P. Sculco (collectively, "Defendants"), in the above-referenced action. Kindly accept this correspondence as Defendants' Pre-Motion Conference Letter in anticipation of filing a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule 12(b)(1) and 12(b)(6) on the basis that Plaintiff has failed to state a cause of action upon which relief can be granted and that the Court will lack subject matter jurisdiction over Plaintiff's state law claims if his federal claim is dismissed.

Plaintiff initiated this action on January 24, 2025, asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for unpaid overtime compensation, unpaid regular wages, failure to provide wage notices, and failure to furnish wage statements. Defendants waived service of process on February 27, 2025, and now submit this request for a Pre-Motion Conference in advance of moving to dismiss the Complaint.

Plaintiff alleges that he was not compensated for driving to and from work sites before and after his scheduled shifts. However, such commute time is non-compensable under the Portal-to-Portal Act, which excludes from compensation "traveling to and from the actual place of performance of the principal activity or activities." *See* 29 U.S.C. § 254(a); *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 37 (2014). Courts in this Circuit, including in *Kavanagh v. Grand Union Co., Inc.*, 192 F.3d 269, 271-72 (2d Cir. 1999), have consistently held that normal commuting time, even when using an employer-provided vehicle, is not compensable. Plaintiff's alleged transport of co-workers, tools, and equipment during his commute is merely incidental and does not transform his commute into compensable work time.

To state an overtime claim, a plaintiff must allege that they worked more than forty (40) hours in a given workweek without receiving overtime compensation. *See Erdemir v. Allstate Marble & Granite, Kitchens & Baths Inc.*, 704 F. Supp. 3d 337, 357 (E.D.N.Y. 2023). Plaintiff's alleged work schedule was Monday through Friday, 8:00 a.m. to 4:00 p.m., totaling forty (40) hours per week. The only additional time Plaintiff claims is his pre- and post-shift commute, which, as noted *supra*, is non-compensable. Consequently, Plaintiff has not alleged any compensable hours exceeding forty (40) hours in a workweek, and his overtime claims under the FLSA and the NYLL must be dismissed as a matter of law.

Plaintiff also alleges an unpaid regular wage claim under NYLL Section 191. However, this claim fails for the same reason as his overtime claim—he has not alleged any compensable hours worked that were left unpaid. Moreover, as Plaintiff was admittedly paid a daily rate, such payments would have fully compensated any alleged commute time even if it were compensable, which it is not.

Plaintiff further alleges that Defendants failed to provide wage notices and wage statements as required by NYLL Sections 195(1) and 195(3). However, NYLL Sections 198(1-b) and 198(1-d) provide an affirmative defense where an employer makes complete and timely payment of all wages due. Since Plaintiff has not established any wage violations, his wage notice and statement claims must likewise fail.

Defendants seek to have each of Plaintiff's claims dismissed with prejudice for failure to state a claim. However, if the Court only dismisses Plaintiff's sole federal claim under the FLSA, it should decline to exercise supplemental jurisdiction over the remaining NYLL claims. Courts in this Circuit routinely decline supplemental jurisdiction once all federal claims are dismissed.

For these reasons, Defendants respectfully request that the Court schedule a Pre-Motion Conference to discuss Defendants' anticipated Motion to Dismiss. Alternatively, if the Court finds that a Pre-Motion Conference is unnecessary, Defendants propose the following briefing scheduling:

1. Defendants' opening brief to be served no later than April 9, 2025;

2. Plaintiff's opposition to be served no later than April 30, 2025;

3. Defendants' reply brief to be served no later than May 7, 2025.

We thank the Court for its time and attention to this request.

Respectfully submitted,

Keith E. Williams, Esq.

cc: all counsel of record, via ECF.