**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------X
CARLOS CONTRERAS,                                              2:25-cv-00418-NJC-AYS

                Plaintiff,

    -against-

POLAR PROPERTY SERVICES, INC.,
JOHN A. ROMANELLI, and RICHARD
P. SCULCO,

                Defendants.
------------------------------------------------------X

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (6)</u>**

                                                                  Respectfully submitted by,

                                                                  THE NHG LAW GROUP, P.C.
                                                                  *Attorneys for the Defendants*
                                                                  4242 Merrick Road
                                                                  Massapequa, New York 11758
                                                                 Tel: 516.228.5100

Counsel on the Brief:

Keith E. Williams, Esq.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.   PRELIMINARY STATEMENT ............................................................................... 1

II.  PROCEDURAL HISTORY ....................................................................................... 1

III. STATEMENT OF FACTS ......................................................................................... 2

IV.  LEGAL ARGUMENT ................................................................................................ 3

    A.  Standard for Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted Pursuant to Fed. R. Civ. P. 12(b)(1) ........................................................................................... 3

    B.  Standard for Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted Pursuant to Fed. R. Civ. P. 12(b)(6) ........................................................................................... 3

    C.  Plaintiff Seeks Compensation for Non-Compensable Commute Time under the Portal-to-Portal Act. ............................... 5

        1. The Portal-to-Portal Act and Its Exclusion of Commute Time .................................................................................. 5

        2. Plaintiff's Commute Time Is Not Compensable under Established Law .......................................................................... 6

        3. Incidental Activities During the Commute Do Not Render It Compensable .......................................................................... 7

        4. Plaintiff's Wage Claims Are Foreclosed by Controlling Authority .......................................................................... 8

    D.  Plaintiff Has Failed to State a Viable Claim for Unpaid Overtime under the FLSA or the NYLL ............................................ 9

    E.  Plaintiff Has Failed to State a Claim for Unpaid Regular Wages under the NYLL ................................................................ 10

    F.  Plaintiff Has Failed to State a Claim for Defendants' Alleged Failure to Provide Wage Statements and Notices ........................ 12

    G.  If the Court Dismisses Plaintiff's FLSA Claim, It Must Decline to Retain Supplemental Jurisdiction over Plaintiff's State Law Claims .............................................................................. 13

V.   CONCLUSION .......................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) ........................................................5

*Anwar v. Stephens*, 15-cv-04493 (JS)(GRB), 2016 WL 4468090 (E.D.N.Y. Aug. 3, 2016), *report and recommendation adopted*, 15-cv-04493 (JS)(GRB), 2016 WL 4468239 (E.D.N.Y. Aug. 24, 2016) ...........................................................................................................3

*APWU v. Potter*, 343 F.3d 619 (2d Cir. 2003) ................................................................................3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...........................................................................................4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................................4

*Cain v. Mercy Coll.*, 2022 WL 779311 (2d Cir. Mar. 15, 2022) ...................................................13

*Colella v. City of New York*, 986 F. Supp. 2d 320 (S.D.N.Y. 2013) ..........................................6, 7

*Erdemir v. Allstate Marble & Granite, Kitchens & Baths Inc.*, 704 F. Supp. 3d 337 (E.D.N.Y. 2023), *aff'd*, 2025 WL 338551 (2d Cir. Jan. 30, 2025) ........................................................................................9, 10

*Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441 (E.D.N.Y. 2009) ................................................................................................................................9

*IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005) .....................................................................................6, 9

*Integrity Staffing Sols. v. Busk*, 574 U.S. 27 (2014) ....................................................................6, 9

*Kavanagh v. Grand Union Company, Inc.*, 192 F.3d 269 (2d Cir. 1999) ................................................................................................................................6, 10

*Keiler v. Harlequin Enters.*, 751 F.3d 64 (2d Cir. 2014) ................................................................3

*Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118 (2d Cir. 2006) ........................................................................................................................................13

*LaChapelle v. Torres*, 37 F. Supp. 3d 672 (S.D.N.Y. 2014) ..........................................................3

*Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013) ................................................................................................................................4

*Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697 (2d Cir. 2000) ................................................................................................................................3

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) ..............................................................3

*Manners v. State of New York*, 183 Misc. 2d 382, 390, 703 N.Y.S.2d 375 (Ct. Cl. 2000), *aff'd*, 285 A.D. 2d 858, 727 N.Y.S.2d 547 (3d Dep't 2001) .................................................................................................... 7

*Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167 (2d Cir. 2008) .......................................... 3

*Reich v. N.Y. City Transit Auth.*, 45 F.3d 646 (2d Cir. 1995) ................................................. 5, 7

*Rothenberg v. Daus*, 08-cv-00567 (SHS), 2015 WL 1408655 (S.D.N.Y. Mar. 27, 2015) ............................................................................................... 13

*Singh v. City of New York*, 524 F.3d 361 (2d Cir. 2008) ............................................................ 7

*Solis v. SCA Rest. Corp.*, 938 F. Supp. 2d 380 (E.D.N.Y. 2013) ............................................... 9

*Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield*, 6 F. Supp. 3d 275 (E.D.N.Y. 2014) .............................................................................. 13

*Tacuri v. Nithin Constr. Co.*, 14-cv-02908 (CBA)(RER), 2015 WL 790060 (E.D.N.Y. Feb. 24, 2015) .................................................................................. 10

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239 (2d Cir. 2014) ................................................................................................................ 3

*Tanski v. AvalonBay Communities, Inc.*, 15-cv-06260 (AKT), 2016 WL 8711203 (E.D.N.Y. Sept. 30, 2016) ................................................................................ 4

*Tennessee Coal, Iron & R. Co. v. Muscoda Loc. No. 123*, 321 U.S. 590 (1944) ....................................................................................................................... 5

*Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447 (S.D.N.Y. 2008) ........................................................................................................ 13

*Vega v. K & C Interior Constr. Corp.*, 18-cv-00182, 2018 WL 4376486 (E.D.N.Y. Aug. 28, 2018), *report and recommendation adopted*, 18-cv-00182 (ARR), 2018 WL 4374911 (E.D.N.Y. Sept. 13, 2018) .................................................................................. 11

*Williams v. City of New York*, 03-cv-05342 (RWS), 2005 WL 2862007 (S.D.N.Y. Nov. 1, 2005) ................................................................................ 3

*Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284 (S.D.N.Y. 2019) ........................................... 6

*Zhang v. Akami Inc.*, 15-cv-04946 (VSB), 2017 WL 4329723 (S.D.N.Y. Sept. 26, 2017) ................................................................................................ 3

**Statutes**

28 U.S.C. § 1367(a) .................................................................................................................. 13

29 U.S.C. § 207(a)(1) ...................................................................................................................9

29 U.S.C. § 254(a) ........................................................................................................6, 7, 8, 10

29 U.S.C. § 254(a)(2) ...................................................................................................................6

N.Y. Lab. Law § 191(1) .............................................................................................................10

N.Y. Lab. Law § 195(1)(a) .........................................................................................................12

N.Y. Lab. Law § 195(3) .............................................................................................................12

N.Y. Lab. Law § 198(1-b) ..........................................................................................................12

N.Y. Lab. Law § 198(1-d) ..........................................................................................................12

N.Y. Lab. Law § 198) ................................................................................................................11

**<u>Regulations</u>**

12 N.Y.C.R.R. § 142-2.2 ............................................................................................................11

29 C.F.R. § 778.112 ...................................................................................................................11

29 C.F.R. § 785.35 ...................................................................................................................6, 8

**I.        PRELIMINARY STATEMENT**

Defendants, POLAR PROPERTY SERVICES, INC. ("Polar Property Services"), JOHN A. ROMANELLI ("Romanelli"), and RICHARD P. SCULCO ("Sculco") (collectively, "Defendants"), by and through their counsel, THE NHG LAW GROUP, P.C., respectfully submit this Memorandum of Law in support of their Motion to Dismiss the Complaint filed by Plaintiff, CARLOS CONTRERAS ("Plaintiff"), pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and 12(b)(6).

Defendants respectfully move this Court for an Order dismissing the Complaint in its entirety on the grounds that Plaintiff has failed to state a claim upon which relief can be granted with respect to his claims for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") (Claims I and II), as well as his claims for unpaid regular wages, failure to provide wage statements, and failure to provide wage notices under the NYLL (Claims III, IV, and V). Moreover, in the event this Court only dismisses Plaintiff's federal claim under the FLSA, Defendants further request that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

For the foregoing reasons, and as set forth more fully herein, Defendants respectfully request that this Court enter an Order granting Defendants' Motion to Dismiss, together with such other and further relief as the Court deems just and proper.

**II.       PROCEDURAL HISTORY**

Plaintiff initiated this action by filing a Complaint against Defendants on January 24, 2025. *See gen.*, Compliant, attached to the Declaration of Keith E. Williams, Esq. in Support (the "Wms. Decl.") at Exhibit A ("Ex. A"). On February 27, 2025, Defendants agreed to waive formal service of process. *See gen.*, Waiver of the Service of Summons, dated February 27, 2025 and filed on February 28, 2025 on the Court's Electronic Case Filing ("ECF") system at Docket Entry ("D.E.")

1

10. Defendants now respectfully move this Court for an Order dismissing Plaintiff's Complaint in its entirety with prejudice.

## III.   STATEMENT OF FACTS[1]

According to the Complaint, Plaintiff was employed by Polar Property Services as a laborer and driver from approximately March 1, 2021 until on or about February 9, 2024. *See* Complaint, Ex. A, at ¶¶ 6, 26-27. Polar Property Services is a company engaged in providing property maintenance and construction services in Nassau County, New York. *See* Complaint, Ex. A, at ¶¶ 8-9.

Plaintiff alleges that his scheduled workweek was Monday through Friday, from 8:00 a.m. to 4:00 p.m. each day. *See* Complaint, Ex. A, at ¶ 29. Plaintiff further alleges that, outside of his scheduled work hours, he was required to drive a company vehicle before 8:00 a.m. and after 4:00 p.m., providing transportation for other employees to and from the worksite, as well as transporting tools, materials, and equipment. *See* Complaint, Ex. A, at ¶¶ 31-33. Plaintiff also claims that, at unspecified times, he was required to report to Defendants' place of business at approximately 7:30 a.m. and to transport another employee to and from the business location. *See* Complaint, Ex. A, at ¶ 35. Plaintiff alleges that he was not compensated for any pre- or post-schedule drive time. *See* Complaint, Ex. A, at ¶¶ 34, 36.

Additionally, Plaintiff asserts that Defendants failed to furnish him with a payroll notice at the time of hire and did not provide him with weekly wage statements with each payment of wages. *See* Complaint, Ex. A, at ¶¶ 38-39.

---

[1] The following facts are drawn from Plaintiff's Complaint and are assumed to be true solely for purposes of this motion pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants expressly deny the merits of Plaintiff's allegations and reserve all rights with respect to any and all defenses available in this action.

## IV.  LEGAL ARGUMENT

### A. Standard for Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted Pursuant to Fed. R. Civ. P. 12(b)(1)

A claim may be "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "If subject matter jurisdiction is lacking, the action must be dismissed." *LaChapelle v. Torres*, 37 F. Supp. 3d 672, 680 (S.D.N.Y. 2014) (quoting *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-701 (2d Cir. 2000)) (emphasis added). "[T]he district court must take all uncontroverted facts in the complaint ... as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). A party "asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Anwar v. Stephens*, 15-cv-04493 (JS)(GRB), 2016 WL 4468090, at *2 (E.D.N.Y. Aug. 3, 2016), *report and recommendation adopted*, 15-cv-04493 (JS)(GRB), 2016 WL 4468239 (E.D.N.Y. Aug. 24, 2016) (quoting *Makarova*, 201 F.3d at 113). Establishing jurisdiction "is not made by drawing from the pleadings inferences favorable to the party asserting it," *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)), and "a district court may consider evidence outside the pleadings," *Zhang v. Akami Inc.*, 15-cv-04946 (VSB), 2017 WL 4329723, at *2 (S.D.N.Y. Sept. 26, 2017).

### B. Standard for Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted Pursuant to Fed. R. Civ. P. 12(b)(6)

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all allegations in the complaint and draw all reasonable inferences in the non-moving party's favor. *See Keiler v. Harlequin Enters.*, 751 F.3d 64, 68 (2d Cir. 2014); *see also Williams v. City of New York*, 03-cv-05342 (RWS), 2005 WL 2862007, at *4-5 (S.D.N.Y. Nov. 1, 2005) ("In

3

considering a motion to dismiss pursuant to [Rule 12(b)(6)] the Court should construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor[]") (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As a result, legal conclusions "must be supported by factual allegations." *Id.* at 679. Accordingly, to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Under Federal Rule of Civil Procedure 8(a)(2), a 'plausible' claim contains 'factual content that allows the court to draw the reasonable inference that the [party] is liable for the misconduct alleged.'" *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "[A pleader's] obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Id.* at 557. Thus, unless a party's well-pleaded allegations have "nudged [his] claims across the line from conceivable to plausible, [the party's] complaint must be dismissed." *Id.* at 570; *Iqbal*, 556 U.S. at 680. This standard is met when the party pleads "enough facts to state a claim to relief that is plausible on its face." *Tanski v. AvalonBay Communities, Inc.*, 15-cv-06260 (AKT), 2016 WL 8711203, at *6 (E.D.N.Y. Sept. 30, 2016) (quoting *Twombly*, 550 U.S. at 570); *see also Lundy*, 711 F.3d at 115.

4

### C. Plaintiff Seeks Compensation for Non-Compensable Commute Time under the Portal-to-Portal Act.

Plaintiff asserts that he is entitled to compensation for time spent driving from his home to various job sites where he performed his principal duties. However, under the Portal-to-Portal Act, time spent commuting before and after a worker's principal job activities is not compensable as a matter of law.

#### 1. The Portal-to-Portal Act and Its Exclusion of Commute Time

A brief history of this issue is instructive. In *Tennessee Coal, Iron & R. Co. v. Muscoda Loc. No. 123*, the Supreme Court held that the FLSA obligated employers to compensate employees for time spent traveling between mine portals and underground work areas. *Tennessee Coal, Iron & R. Co. v. Muscoda Loc. No. 123*, 321 U.S. 590, 598 (1944). Two years later, the Supreme Court in *Anderson v. Mt. Clemens Pottery Co.* similarly held that the FLSA obligated employers to compensate employees for "all time during which an employee is necessarily required to be on the employer's premises," including time spent walking to and from time clocks. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 690-91 (1946). In response to the flood of litigation that followed these decisions, Congress enacted the Portal-to-Portal Act, which clarified the scope of compensable work under the FLSA.

As the Second Circuit explained, the Portal-to-Portal Act "was intended to relieve employers from liability for preliminaries, most of them relatively effortless, that were thought to fall outside the conventional expectations and customs of compensation." *Reich v. N.Y. City Transit Auth.*, 45 F.3d 646, 649 (2d Cir. 1995). The Act explicitly excludes certain categories of activities from compensable work time. Specifically, employers are not required to compensate employees for:

> (1) time spent traveling to and from "the actual place of performance of the principal activity or activities" of employment; or

5

(2) time spent performing "activities which are preliminary to or postliminary to said principal activity or activities." 29 U.S.C. § 254(a).

The Supreme Court has clarified that "principal activity or activities" includes only those tasks that are "integral and indispensable" to an employee's primary job duties. *IBP, Inc. v. Alvarez*, 546 U.S. 21, 29-30 (2005). In *Integrity Staffing Sols. v. Busk*, the Supreme Court further explained that an activity is compensable under the FLSA only if it is "an intrinsic element" of the employee's principal activities and one that cannot be dispensed with. *Integrity Staffing Sols. v. Busk*, 574 U.S. 27, 37 (2014). Reaffirming these principles, the Supreme Court held in *Integrity Staffing* that the Portal-to-Portal Act expressly excludes from compensation any activities preliminary or postliminary to an employee's principal activity—those occurring before the workday begins or after it ends. *Integrity Staffing*, 574 U.S. at 33 (citing 29 U.S.C. § 254(a)(2)). Activities that have specifically been deemed non-compensable include "walking, riding, or traveling to and from the actual place or performance of the principal activity or activities which such employee is employed to perform." 29 U.S.C. § 254(a).

### 2. Plaintiff's Commute Time Is Not Compensable under Established Law

Under well-settled precedent, normal commute time to a work site is not compensable. *See Kavanagh v. Grand Union Company, Inc.*, 192 F.3d 269, 271-72 (2d Cir. 1999) ("employers are not required to compensate employees for their normal travel between home and work"). This remains true even when an employee uses an employer-provided vehicle for commuting. *See Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284, 298 (S.D.N.Y. 2019) (citing *Colella v. City of New York*, 986 F. Supp. 2d 320, 338 (S.D.N.Y. 2013)). The Federal Regulations explicitly state:

> An employee who travels from home before his regular workday and returns to his home at the end of the workday is engaged in ordinary home to work travel which is a normal incident of employment. This is true whether he works at a fixed location or at different job sites. Normal travel from home to work is not worktime. 29 C.F.R. § 785.35.

6

Similarly, New York courts have held that "simple commuting to and from work in an employer's vehicle, without more, is not compensable under the FLSA. *Manners v. State of New York*, 183 Misc. 2d 382, 390, 703 N.Y.S.2d 375, 380 (Ct. Cl. 2000), *aff'd*, 285 A.D. 2d 858, 727 N.Y.S.2d 547 (3d Dep't 2001). This is also true even if an employer restricts personal use of the vehicle during the commute. *Id.*; *see also*, 29 U.S.C. § 254(a) ("the use of an employer's vehicle for travel by an employee … shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area … and is subject to an agreement [between] the employer and the employee").

### 3. Incidental Activities During the Commute Do Not Render It Compensable

Courts have consistently rejected claims for compensation where employees perform incidental tasks during their commute. *See Colella*, 986 F. Supp. 2d at 342–43 ("Activities which are merely incidental to the use of an employer-provided vehicle for commuting at the beginning and end of the workday are similarly not considered part of the employee's principal activity or activities and therefore need not be compensable … *Merely transporting tools or supplies should not change the noncompensable nature of travel*") (quoting H.R. Rep. No. 104–585, at 5) (emphasis in original). The Second Circuit has reached similar conclusions in a variety of cases: *Reich*, 45 F.3d 646 (finding that Transit Authority canine unit handlers who were required to care for their dogs during their commute were not entitled to compensation for travel time); *Singh v. City of New York*, 524 F.3d 361 (2d Cir. 2008) (holding that New York City fire alarm inspectors who carried inspection documents during their daily commute were not entitled to compensation); *Colella*, 986 F. Supp. 2d 320 (finding that FDNY Building Maintenance Division workers who transported work equipment in their employer-provided utility vehicles were not entitled to compensation for travel time).

7

### 4. Plaintiff's Wage Claims Are Foreclosed by Controlling Authority

Plaintiff's allegations, even when accepted as true for the purposes of this motion, fail to establish a viable claim for compensation under the Portal-to-Portal Act and governing precedent. His pre- and post-shift travel time—including transporting himself, other employees, and work-related materials—falls squarely within the category of non-compensable commute time, as expressly excluded by federal and state law.

The Portal-to-Portal Act and its interpreting case law make clear that an employee's workday does not begin simply because he is traveling to his job location, even if he is driving a company vehicle or carrying work-related items. 29 U.S.C. § 254(a); 29 C.F.R. § 785.35. Here, Plaintiff alleges that he was required to drive a company vehicle before 8:00 a.m. and after 4:00 p.m., transport employees to the worksite, and move tools, materials, and equipment. *See* Complaint, Ex. A, at ¶¶ 31-33. However, these activities do not constitute compensable work because they are incidental to his non-compensable commute.

The Second Circuit and district courts within this jurisdiction have repeatedly held that requiring an employee to carry materials, equipment, or documents during their commute does not render travel time compensable. *See* cases *supra*. Further, courts have expressly rejected claims that an employer's control over the commute—such as requiring the use of a company vehicle or limiting personal use of that vehicle—converts non-compensable travel into compensable work. *See* cases *supra*. Thus, Plaintiff's assertion that he is entitled to compensation solely because he was required to transport materials or other employees is legally insufficient. His commute remains non-compensable as a matter of law.

Plaintiff was scheduled to work from 8:00 a.m. to 4:00 p.m., Monday through Friday. *See* Complaint, Ex. A, at ¶ 29. He contends that his obligations before 8:00 a.m. and after 4:00 p.m.— including driving to and from work sites—entitle him to additional compensation. *See* Complaint,

8

Ex. A, at ¶¶ 34, 36. However, even if he had obligations related to his employer before or after his shift, that does not transform commute time into compensable work under the FLSA.

The Supreme Court has made clear that preliminary and postliminary activities are non-compensable unless they are "integral and indispensable" to an employee's principal activities. *Integrity Staffing*, 574 U.S. at 37. Here, Plaintiff's driving obligations did not involve performing his primary job duties as a laborer at a worksite; rather, they were merely preliminary or postliminary travel functions that fall within the Portal-to-Portal Act's exclusion. *See Alvarez*, 546 U.S. at 29-30 (holding that activities are compensable only if they are an intrinsic element of an employee's primary job function).

Plaintiff's claims mirror the precedents set in *Reich*, *Singh*, and *Colella*: he alleges that he had to drive a company vehicle, transport co-workers, and move work-related materials, but these activities are not integral and indispensable to his primary job duties. Rather, they are incidental to his non-compensable commute and, as such, do not entitle him to additional compensation.

### D. Plaintiff Has Failed to State a Viable Claim for Unpaid Overtime under the FLSA or the NYLL

To establish a claim for unpaid overtime compensation under the FLSA, a plaintiff must plausibly allege that they "worked in excess of forty (40) hours in a given workweek and did not receive overtime compensation for such work." *Erdemir v. Allstate Marble & Granite, Kitchens & Baths Inc.*, 704 F. Supp. 3d 337, 357 (E.D.N.Y. 2023), *aff'd*, 2025 WL 338551 (2d Cir. Jan. 30, 2025) (citing 29 U.S.C. § 207(a)(1); *Solis v. SCA Rest. Corp.*, 938 F. Supp. 2d 380, 395 (E.D.N.Y. 2013) (citing *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 447 (E.D.N.Y. 2009))). The NYLL mirrors the FLSA's requirement. *See Erdemir*, 704 F. Supp. 3d at 361.

Here, Plaintiff has not alleged any compensable hours worked beyond forty (40) in any given week during his employment with Defendants. According to the Complaint, Plaintiff's

9

regular work schedule was from 8:00 a.m. to 4:00 p.m., Monday through Friday—a standard forty (40)-hour workweek. *See* Complaint, Ex. A, at ¶ 29. These allegations, on their face, fail to meet the threshold requirement for an overtime claim under the FLSA or the NYLL because they do not suggest that Plaintiff ever exceeded forty (40) hours in a workweek.

Plaintiff's only claim to additional time worked relates to his pre- and post-shift drive time, during which he allegedly transported other employees and work-related materials to and from the worksite. *See* Complaint, Ex. A, at ¶¶ 31-33. However, as discussed *supra*, this time is non-compensable as a matter of law under the Portal-to-Portal Act and binding Second Circuit precedent. *See* 29 U.S.C. § 254(a); *Kavanagh*, 192 F.3d at 271-72.

Plaintiff's own allegations undermine any claim that he exceeded forty (40) compensable hours in a workweek. He admits that his scheduled workweek was limited to forty (40) hours, and his only purported additional time relates to his commute, which is non-compensable. Therefore, even if Plaintiff's allegations were accepted as true, he has failed to allege any scenario in which he exceeded forty (40) compensable hours per week, which is a necessary prerequisite for an unpaid overtime claim. Accordingly, Plaintiff's overtime claims fail as a matter of law.

### E. Plaintiff Has Failed to State a Claim for Unpaid Regular Wages under the NYLL

The NYLL requires that employers pay manual workers "no later than seven (7) days after the end of the week in which the wages are earned, and if employment is terminated, no later than the regular payday for the pay period." *Erdemir*, 704 F. Supp. 3d at 368 (citing *Tacuri v. Nithin Constr. Co.*, 14-cv-02908 (CBA)(RER), 2015 WL 790060, at *4 (E.D.N.Y. Feb. 24, 2015) (citing N.Y. Lab. Law § 191(1))) (further citations omitted). "Employees are entitled to recover such unpaid wages." *Id.* (citing *Vega v. K & C Interior Constr. Corp.*, 18-cv-00182, 2018 WL 4376486,

at *3 (E.D.N.Y. Aug. 28, 2018), *report and recommendation adopted*, 18-cv-00182 (ARR), 2018 WL 4374911 (E.D.N.Y. Sept. 13, 2018) (citing 12 N.Y.C.R.R. § 142-2.2; N.Y. Lab. Law § 198)).

For the same reasons that Plaintiff's unpaid overtime claim under the FLSA and NYLL fails, his claim for unpaid regular wages under the NYLL must also fail as a matter of law. Plaintiff has not alleged any unpaid wages for time worked during his alleged employment with Defendants. As previously discussed, Plaintiff's regular work schedule was Monday through Friday, from 8:00 a.m. to 4:00 p.m., which amounts to a forty (40)-hour workweek. *See* Complaint, Ex. A, at ¶ 29. Plaintiff does not allege that he was underpaid or that he was not compensated for any of these regularly scheduled hours. Plaintiff's only purported basis for claiming additional unpaid wages relates to his pre- and post-shift drive time—which, as discussed *supra*, is non-compensable as a matter of law.

Further, as alleged in the Complaint, Plaintiff was compensated on a daily rate basis throughout his employment with Defendants. *See* Complaint, Ex. A, at ¶ 28. A daily rate compensates an employee for all hours worked in a given day, regardless of the specific number of hours performed. *See* 29 C.F.R. § 778.112. Thus, even assuming, *arguendo*, that Plaintiff's pre- and post-shift commute time was compensable—which, as demonstrated *supra*, it is not—Plaintiff's daily rate of pay would have fully compensated him for such time. Therefore, any alleged time Plaintiff spent driving before or after his regular work schedule would have been encompassed within his daily compensation and does not give rise to a claim for additional unpaid wages.

The same factual and legal deficiencies that undermine Plaintiff's unpaid overtime claim apply with equal force to his unpaid regular wage claim. As Plaintiff has failed to allege any facts

11

suggesting that he was not paid his regular wages in accordance with the NYLL, this claim fails as a matter of law and should be dismissed with prejudice.

### F. Plaintiff Has Failed to State a Claim for Defendants' Alleged Failure to Provide Wage Statements and Notices

NYLL Section 195(1) requires employers to provide employees, at the time of their hire, a written notice containing, *inter alia*, the employee's "rate or rates of pay and basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission, or other; [and] allowances, if any, claimed as part of the minimum wage." N.Y. Lab. Law § 195(1)(a). Similarly, NYLL Section 195(3) requires employers to furnish employees with a wage statement with each payment of wages, which must include the "rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; [and] allowances," among other information. N.Y. Lab. Law § 195(3).

However, NYLL Sections 198(1-b) and 198(1-d) establish an affirmative defense for employers who fail to provide wage notices or statements. Specifically, these provisions provide a complete defense where "the employer made complete and timely payment of all wages due … to the employee who was not provided notice as required by [NYLL Section 195(1)]" or "statements as required by [NYLL Section 195(3)]." N.Y. Lab. Law §§ 198(1-b) and 198(1-d).

Plaintiff alleges in his Complaint that he did not receive wage notices or statements during his employment. However, Plaintiff has not alleged any underlying violation of unpaid wages—either for regular wages or overtime compensation—that would give rise to a claim for failure to provide wage notices or statements. As discussed *supra*, Plaintiff's claims for unpaid overtime and regular wages are fatally deficient. Because Plaintiff has not established that any wages were improperly withheld, his wage notice and wage statement claims are rendered legally untenable and must be dismissed as a matter of law.

12

### G. If the Court Dismisses Plaintiff's FLSA Claim, It Must Decline to Retain Supplemental Jurisdiction over Plaintiff's State Law Claims

District courts may exercise supplemental jurisdiction of state law claims under 28 U.S.C. § 1367 "in any civil action of which the district courts have original jurisdiction" and where the other claims "are so related to claims in the action within which such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see also*, *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008).

It is well-established that when all federal claims are dismissed, the Courts in this Circuit routinely decline to exercise supplemental jurisdiction over any remaining state law claims. *See e.g.*, *Cain v. Mercy Coll.*, 2022 WL 779311, at *2 (2d Cir. Mar. 15, 2022) (declining to exercise supplemental jurisdiction over state law claims after dismissing federal claims); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"). Also, the Court can, and should, *sua sponte* decline to exercise supplemental jurisdiction. *See e.g.*, *Rothenberg v. Daus*, 08-cv-00567 (SHS), 2015 WL 1408655, *11 f.n. 12 (S.D.N.Y. Mar. 27, 2015) ("plaintiffs' contention that the court may not decline to exercise supplemental jurisdiction *sua sponte* contravenes black letter law") (citing *Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield*, 6 F. Supp. 3d 275, 293 (E.D.N.Y. 2014) ("[T]he Court *sua sponte* declines to exercise supplemental jurisdiction over the remaining [state law] claims against [defendants]") (citing cases)).

Here, Plaintiff's sole federal claim arises under the FLSA, alleging unpaid overtime wages. However, as demonstrated *supra*, Plaintiff has failed to allege a plausible overtime claim. Since

13

Plaintiff's FLSA claim is subject to dismissal as a matter of law, the Court will be left with only Plaintiff's state law claims under the NYLL for unpaid wages, wage notices, and wage statements.

While Defendants seek dismissal of each claim with prejudice for failure to state a claim upon which relief can be granted, in the alternative, dismissal of Plaintiff's federal claim would eliminate the Court's original jurisdiction, thereby compelling the Court to decline supplemental jurisdiction over the remaining state law claims. Accordingly, Plaintiff's state law claims must be dismissed pursuant to Federal Rule 12(b)(1).

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss the Complaint in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, should the Court dismiss Plaintiff's federal overtime claim under the FLSA, Defendants further request that the Court decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss them pursuant to Federal Rule 12(b)(1).

Dated: Massapequa, New York
      April 21, 2025

The NHG Law Group, P.C.

By: Keith E. Williams, Esq.
*Attorneys for the Defendants*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com