

4242 MERRICK ROAD, MASSAPEQUA, NEW YORK 11758

| ATTORNEYS | PARALEGALS |
|---|---|
| JUSTIN M. REILLY, ESQ. | ROSA COSCIA |
| KEITH E. WILLIAMS, ESQ. | CATALINA ROMAN |

**Via: ECF**                                                                                                     May 15, 2025

Hon. Judge Nusrat J. Choudhury
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re:**   *Contreras v. Polar Property Services, Inc., et al,.*; 2:25-cv-00418-NJC-AYS

Dear Hon. Judge Choudhury:

I represent Defendants in this Fair Labor Standards Act ("FLSA") case. I write in response to Plaintiff Carlos Contreras' untimely request for an extension of time to file an Amended Complaint. For the reasons set forth below, the request should be denied.

On March 18, 2025, Defendants file a Pre-Motion Conference Letter ("PMCL") in anticipation of a motion to dismiss Plaintiff's Complaint. The PMCL outlined the numerous deficiencies in Plaintiff's Complaint and placed him on notice that none of his claims stated a viable cause of action. That same day, this case was assigned to Your Honor. Pursuant to Your Honor's Individual Rule 5.1.3, Plaintiff was required to respond to the PMCL within seven (7) days. He failed to do so.

Despite Plaintiff's noncompliance, on April 1, 2025, the Court issued a briefing schedule. Pursuant to the Court's Order, Defendants served their motion to dismiss on April 21, 2025, and filed the accompanying cover letter on ECF in accordance with Your Honor's bundling rules. Plaintiff's response—either by filing an amended pleading or opposing Defendants' motion—was due on May 12, 2025. Plaintiff again failed to act.

When it became evident earlier today that Plaintiff once again did not abide the Court's Order and belatedly requested an extension of time—without Court approval and in direct violation of Your

Honor's Individual Rules 5.2.5[1] and 1.7,[2] both of which require timely and justified requests for scheduling modifications—Defendants filed their unopposed motion to dismiss.

Plaintiff's request cites a family emergency and a bench trial during the week of May 12. While Defendants are sympathetic to counsel's personal circumstances, Plaintiff's explanation fails to account for the substantial time preceding these events. Plaintiff has had since at least March 18—nearly two months—to prepare and file an Amended Complaint. He also had multiple opportunities to seek an extension, but did not do so. This is not an isolated lapse. Plaintiff has now disregarded:

>   (i) the requirement to respond to the PMCL;
>   (ii) the Court's deadline to file an Amended Complaint or opposition;
>   (iii) the deadline to request an extension; and
>   (iv) the obligation to provide a valid basis for such a request.

In light of Plaintiff's repeated failures to comply with this Court's Rules and Orders, his request for additional time should be denied. Defendants respectfully request that the Court accept the pending motion to dismiss as unopposed and grant the relief requested therein.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

Keith E. Williams, Esq.

cc: all counsel of record, via ECF.

---

[1] "After a briefing schedule has been set, the parties may not modify it without Court approval. Any parties seeking to modify a briefing schedule shall file a request for an extension on ECF under the requirements of Individual Rule 1.7." Individual Rule 5.2.5.

[2] "[R]equests … to extend filing deadlines shall be made at least three (3) business days prior to the scheduled date[]." Individual Rule 1.7.3.