

# MOSER LAW FIRM, PC

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

May 29, 2025

**VIA ECF**

Hon. Nusrat J. Choudhury, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re: *Contreras v. Polar Property Services Inc.,* 2:25-cv-00418, (E.D.N.Y)

Dear Judge Choudhury:

    I represent the Plaintiff Carlos Contreras in the above referenced matter and respectfully respond to Defendants' request for a pre-motion conference.

    As outlined in the FAC,

31. Under the miscellaneous industry wage order, wages must be paid for the time that an employee "is required to be available for work at a place prescribed by the employer and… include[s] time spent in traveling to the extent that such traveling is part of the duties of the employee." 12 NYCRR § 142-2.1(b).

32. Under the implementing regulations to the FLSA, "[w]here an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice. If an employee…is sent to [a] job which he finishes at 8 p.m. and is required to return to his employer's premises arriving at 9 p.m., all of the time is working time." 29 C.F.R. § 785.38.

    Plaintiff then explains that he was required to report to a meeting place each morning to drive a company van which contained tools, equipment and another employee, and was not paid from the time he was required to report to the meeting place. FAC ¶¶ 33-37.

    The FAC further notes that if an employee is "required to pick up. . .employees and [if] the arrangement was primarily for the benefit of his employer, he may be able to recover compensation for the time, if any, that the pickups added to his commute." *Ga Ho Kim v. DK Cosmetics*, No. 19-CV-9079 (JMF), 2022 U.S. Dist. LEXIS 32972, at *13 (S.D.N.Y. Feb. 23, 2022). FAC ¶ 38.

Plaintiff then explains that he was required to pick up other employees and that this added to his travel time each morning. 39-41.

The Defendants' motion is based upon their characterization of the Plaintiff's additional work as an "ordinary commute." However, the Defendants have not cited any relevant authority to support this conclusion and therefore there is no good faith basis for making the motion. Moreover, the Defendants ignore a mountain of authority concerning the compensability of the plaintiff's activities and instead cite to two cases, neither of which are factually similar. More specifically, they cite to *Integrity Staffing Sols., Inc. v. Busk,* 574 U.S. 27, 35, 135 S. Ct. 513, 518 (2014), which did not involve travel time, but time spent in post-shift security screenings. They also cite to *Kavanagh v. Grand Union Co.*, 192 F.3d 269, 271 (2d Cir. 1999), but ignore the fact that in Kavanagh, the Plaintiff was not required to report to a meeting place each morning and was not required to pick up other employees. Instead, he simply drove from his home to the first job site. *Id.*

Defendants then essentially claim that they are entitled to file a motion for judgment on the pleadings on plaintiff's hiring notice and wage statement claims based upon their anticipated "affirmative defense" that they made complete and timely payment of wages to the Plaintiff.

This branch of Defendant's motion is premature. However, even if their motion was ripe for adjudication, it would fail as a matter of law:

> The subsections of § 198(1) which we are considering, § 198(1-b) (recovery for failure to provide a time of hiring notice) and § 198(1-d) (recovery for failure to provide wage statements), each creates two paths to recovery. The action for their violation can be brought by the employee, or it can be brought by the Commissioner of the New York State Department of Labor. There are several differences between these paths to recovery, but for our purposes, the material one is that in an action brought by the Commissioner, "it shall be an affirmative defense that . . . the employer made complete and timely payment of all wages due . . . to the employee who was not provided [a time of hiring notice]." NYLL § 198(1-b). In parallel, § 198(1-d) provides that in an action brought by the Commissioner, "it shall be an affirmative defense that ... the employer made complete and timely payment of all wages due ... to the employee who was not provided [with wage statements]."

> Note that this affirmative defense of full payment of wages is only available in an action brought by the Commissioner. It is not available in an action brought by the employee. If we are going to apply the canon of statutory interpretation that "[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant", *Corley v. United States,* 556 U.S. 303, 314, 129 S. Ct. 1558, 173 L. Ed. 2d 443 (2009); *see also Nadkos, Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp*. LLC, 34 N.Y.3d 1, 7, 108 N.Y.S.3d 375, 378, 132 N.E.3d 568 (2019), this would mean that full payment of wages does not preclude a fully-paid employee from bringing an action solely for the failure to provide a time-of-hiring notice or wage statements.

*Deng v. Frequency Elecs., Inc.*, 640 F. Supp. 3d 255, 266 (E.D.N.Y. 2022)

  Should Defendants insist on making the motion to dismiss, Plaintiff respectfully requests that discovery proceed so that the case is unnecessarily delayed.

              Respectfully submitted,

              *Steven J. Moser*
              Steven J. Moser