

4242 MERRICK ROAD, MASSAPEQUA, NEW YORK 11758

| ATTORNEYS | PARALEGALS |
|---|---|
| JUSTIN M. REILLY, ESQ. | ROSA COSCIA |
| KEITH E. WILLIAMS, ESQ. | CATALINA ROMAN |

**Via: EDNY ECF**                                                                                            May 30, 2025

Honorable Judge Anne Y. Shields
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re:**     *Contreras v. Polar Property Services, Inc., et al.*; 2:25-cv-00418-NJC-AYS

Dear Hon. Judge Shields,

I represent Defendants, Polar Property Services, Inc., John A. Romanelli, and Richard P. Sculco (collectively, "Defendants"), in the above-referenced action. Pursuant to Your Honor's Individual Rules, please accept this letter motion seeking an adjournment *sine die* of the upcoming Initial Conference, scheduled for June 3, 2025 and a stay of discovery pending the resolution of Defendants' anticipated Motion to Dismiss. This is Defendants' first such request. Plaintiff's counsel has withheld his consent to this request and failed to provide a valid reason for doing so.

As the Court is aware, Defendants have filed a Pre-Motion Conference Letter in anticipation of filing a Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. In particular, Defendants argue that Plaintiff has not alleged any compensable time worked in excess of forty (40) hours in any given week of his employment. Plaintiff's allegations of being entitled to be paid for travel time fall squarely within the Portal to Portal Act, and is therefore noncompensable time. In light of Defendants' motion, Defendants respectfully submit that discovery should be stayed pending resolution of the motion.

"In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: (1) whether the Defendants has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (citing *Amron v. 3M Minnesota Mining & Manufacturing Company*, 23-cv-08959 (PKC)(JMW), 2024 WL 263010, at *2 (E.D.N.Y. Jan. 24, 2024).

Here, the factors weigh in favor granting a stay of discovery. First, Defendants' arguments in the Motion to Dismiss are colorable and raise threshold challenges to Plaintiff's claim for overtime compensation under the FLSA. For the purposes of the pending motion practice, there are no factual issues that need further exploration through discovery, as Plaintiff's own pleaded allegations warranted dismissal of the Amended Complaint under applicable law. Further, should the Court dismiss Plaintiff's FLSA claim, it is unlikely that it will retain jurisdiction over the remaining state law claims.

Second, Defendants are the proprietors of a small landscaping business with very limited resources, and the costs associated with discovery—especially if Plaintiff's claims are ultimately dismissed in their entirety—would be not only burdensome but potentially prejudicial. Proceeding with discovery while a motion to dismiss is under consideration risks unnecessary expenditure of time and resources by both the Parties and the Court.

Third, a brief stay will not prejudice Plaintiff, who has already amended the Complaint once and will have a full opportunity to prosecute any surviving claims should the motion be denied in whole or in part. This factor favors the movant when the case is still in its early stages. *See Cohen v. Saraya USA, Inc.*, 23-cv-08079 (NJC)(JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024).

In the event Your Honor denies Defendants' request to adjourn the Initial Conference *sine die* and stay discovery, Defendants respectfully request that the Initial Conference be adjourned to a date in late June. The undersigned has a scheduling conflict on June 3, 2025, but is available June 25-27, 2025.

We thank the Court for its time and attention to this request.

                                                            Respectfully submitted,

                                                            Keith E. Williams, Esq.

cc: all counsel of record, via ECF.