

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

May 30, 2025

**VIA ECF**

Hon. Anne Y Shields, USMJ
United States District Court, EDNY
100 Federal Plaza
Central Islip, NY 11717

    Re:    *Contreras v Polar Property Services,* Case No. 25-cv-00418-NC-AYS

Dear Judge Shields:

    Yesterday, in anticipation of the upcoming conference, Plaintiff provided a proposed initial joint letter and discovery schedule to Defendants. Defendants now request a stay of discovery pending the outcome of their motion to dismiss.

    "In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: (1) whether the Defendants has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Sharma v. Open Door NY Home Care Servs., Inc., 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (citing Amron v. 3M Minnesota Mining & Manufacturing Company, 23-cv-08959 (PKC)(JMW), 2024 WL 263010, at *2 (E.D.N.Y. Jan. 24, 2024).

    All of the factors in this case suggest that discovery should not be stayed. <u>First</u>, the Defendant's pre-motion letter regarding their anticipated motion to dismiss is devoid of applicable caselaw and the Plaintiff's case is meritorious. The defendants' motion is based upon their characterization of the Plaintiff's preliminary and postliminary activities as a "regular commute." However, there is no basis for this characterization. <u>Second</u>, the only discovery that the parties would be required to do at this point is very limited and is defined by the Court's FLSA protocols. <u>Third</u>, defendants have not shown any prejudice from having to furnish basic information and documents concerning the Plaintiff's employment.

    For these reasons, we request that the motion for a stay be denied, and we consent to the Defendant's motion for an adjournment to a date later in June.

                                                               Respectfully Submitted,

                                                              *Steven J. Moser*
                                                               Steven J. Moser