

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

July 7, 2025

**VIA ECF**

Hon. Anne Y Shields, USMJ
United States District Court, EDNY
100 Federal Plaza
Central Islip, NY 11717

    Re:    *Contreras v Polar Property Services,* Case No. 25-cv-00418-NC-AYS

Dear Judge Shields:

Please accept this joint letter as required by the Court's rules in anticipation of the initial conference presently scheduled for July 8, 2025.

1. **Name of Case.** *Contreras v Polar Property Services,* Case No. 25-cv-00418-NC-AYS

2. **Basis for federal jurisdiction.** The Court has subject matter jurisdiction over the Plaintiff's claims arising under the FLSA and supplemental jurisdiction over the Plaintiff's NYLL claims. Defendants deny that the Court has supplemental jurisdiction over Plaintiff's state law claims.

3. **Whether defendants have been served and answered.** All defendants have been served. The Plaintiff filed a First Amended Complaint on May 16, 2025 (D.E. 18) and Defendants requested a pre-motion conference regarding an anticipated motion to dismiss on May 22, 2025 (D.E. 19). The Parties are currently awaiting a briefing schedule from Hon. Judge Nusrat J. Choudhury, U.S.D.J.

4. **Counterclaims and crossclaims:** To be determined.

5. **Facts.**

    **Plaintiff.** The Plaintiff Carlos Contreras ("Contreras") was employed by Polar as a laborer and driver. In addition to working in construction and property maintenance, the Plaintiff shoveled snow in the winter and applied salt and liquid deicer. He was employed by Polar from approximately March 1, 2021 until on or about February 9, 2024. He was paid a daily rate of between $200-$210 which was intended to compensate Plaintiff for an eight-hour workday.


For approximately the first year and a half of his employment, the Plaintiff was required to report to the Defendants' place of business in Wantagh, New York at approximately 7:00 AM. After arriving, the Plaintiff was required to drive a company van from Wantagh to the worksite at the beginning of the day which contained tools, equipment and another employee. The Plaintiff was required to drive the company van from the jobsite to Wantagh at the end of the day. The time he arrived at Wantagh varied based upon the location of the jobsite, the weather, and the traffic conditions. He often arrived at Wantagh between 4:30 PM – 5:30 PM.

The Plaintiff was required to be at the jobsite(s) for 40 hours each week (from 8:00 AM to 4:00 PM, five days per week). The Plaintiff was not paid from the time he was required to report to the Defendants' premises in Wantagh until the time he arrived at Wantagh at the end of the day.

After the first year and a half, the Plaintiff was permitted to drive the company van to and from his residence in Bethpage, New York. However, during this period of time, he was required by Polar to pick up an employee from Roosevelt, New York each morning and drop-off the employee at the end of the workday. Picking up the employee added approximately 30 minutes each morning and 30 minutes each afternoon to the workday. The Plaintiff was not paid for the time added to his commute by picking up (and dropping off), Mr. Ordonez.

Defendants thereby failed to pay for all hours worked. The Defendants also failed to furnish to Plaintiff a hiring notice and wage statements.

**Defendants.** Defendants deny each and every allegation made by Plaintiff and leave him to his proofs.

6. **HIPPA Authorizations.** Not applicable.

7. **Paper discovery that can be exchanged the necessity for formal document requests.** The Plaintiff's position is that as this is n FLSA case, the parties should follow the Court's FLSA Discovery Protocol. The Defendants' position is that discovery should be stayed pending a resolution of the motion to Dismiss. The Parties will discuss discovery at the Initial Conference.

8. **Date for submission of a joint status letter:**

9. **Proposed date for the next telephone status conference with the Court:**

10. **Consent to Jurisddiction.** The parties do not consent to the jurisdiction of the Magistrate Judge for all purposes.

Respectfully Submitted,

Hon. Anne Y. Shields, USMJ

MOSER LAW FIRM, PC

Page 3

*Steven J. Moser*
Steven J. Moser

CC:   All counsel of record via ECF