# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carlos Contreras, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) **Case No.** |
| -*against*- | ) |
| | ) **COMPLAINT** |
| Polar Property Services, Inc., John A. Romanelli and Richard P. Sculco, | ) |
| | ) |
| Defendant(s). | ) |
| | ) |

This complaint is filed by Plaintiff(s) against Defendants to recover:

    a.    Overtime premium pay as required by the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 201 et seq. (29 U.S.C. § 207), and by the New York Labor Law (the "NYLL") Article 19, §§ 650 et seq., and the supporting New York State Codes, Rules and Regulations, 12 NYCRR § 142-2.2;

    b.    Failure to pay regular wages under NYLL § 193;

    e.    Statutory damages for wage statement violations of NYLL § 195(3);

    f.    Statutory damages for wage notice violations under NYLL § 195(1);

## JURISDICTION AND VENUE

2.    This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.    In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims in this action

occurred within the Eastern District of New York.

## PARTIES

### *Plaintiff*

*Carlos Contreras*

5. Plaintiff Carlos Contreras is a natural person who resides in Nassau County, New York.

6. Carlos Contreras was an employee of Defendant Polar Property Services, Inc. at times during the six year period preceding the filing of this complaint ("relevant time period").

### *Defendants*

*Polar Property Services, Inc.*

7. Defendant Polar Property Services, Inc. ("Polar") is a domestic limited liability company formed under the laws of the State of New York.

8. Defendant's principal place of business is located in Nassau County, New York.

9. During the Relevant time period, Polar provided property maintenance and construction services.

10. Polar has been engaged in activities affecting interstate commerce as defined in 29 U.S.C. §§ 201 et. seq. during the relevant time period.

11. More specifically, the services supplied by Polar include "Snow Plowing", "Snow Hauling", "Salting" and "Liquid Deicing". The salting and liquid de-icing products applied by Polar are manufactured by Sears Ecological Applications Company, LLC (SEACO) and Sears Companies (SEARS) under the "Original Magic High Performance Ice Melt" label. These products are made from Distillers Condensed Solubles (DCS) and Magnesium Chloride, which are transported in interstate and international commerce into the State of New York. In addition, Polar distributed "Original Magic" in commerce. In addition, the Plaintiff drove a company

vehicle that was not manufactured in the State of New York and used tools that had been transported in commerce.

12. For each calendar year from January 1, 2020, and up to the present time Polar's annual gross volume of sales made or business done was equal or greater than $500,000.

13. Polar employed the Plaintiff(s).

*John A. Romanelli*

14. John A. Romanelli is a natural person who resides in Nassau County, New York.

15. Upon information and belief, John A. Romanelli has been a shareholder of Polar during the relevant time period.

16. Upon information and belief, John A. Romanelli has been a manager of Polar during the relevant time period.

17. John A. Romanelli had the power to hire and fire the Plaintiff and other Polar employees, supervised and controlled their work schedules, the conditions of their employment, determined the rate and method of their pay, and maintained records of their employment.

18. Upon information and belief, John A. Romanelli exercised sufficient operational control over Polar to be deemed the Plaintiff's employer under the FLSA and the NYLL.

19. John A. Romanelli employed the Plaintiff.

*Richard P. Sculco*

20. Richard P. Sculco is a natural person who resides in Nassau County, New York.

21. Upon information and belief, Richard P. Sculco has been a shareholder of Polar during the relevant time period.

22. Upon information and belief, Richard P. Sculco has been a manager of Polar during the relevant time period.

23. Richard P. Sculco had the power to hire and fire the Plaintiff and other Polar

employees, supervised and controlled their work schedules, the conditions of their employment, determined the rate and method of their pay, and maintained records of their employment.

24. Upon information and belief, Richard P. Sculco exercised sufficient operational control over Polar to be deemed the Plaintiff's employer under the FLSA and the NYLL.

25. Richard P. Sculco employed the Plaintiff.

## FACTUAL ALLEGATIONS

26. The Plaintiff Carlos Contreras ("Contreras") was employed by Polar as a laborer and driver.

27. He was employed by Polar from approximately March 1, 2021 until on or about February 9, 2024.

28. The Defendants paid the Plaintiff as follows:

    a. 2021-2023: $200 per day.

    b. 2024: $210 per day.

29. The Plaintiff's scheduled workweek was from 8 AM until 4 PM, five days a week (Monday-Friday).

30. The Defendant required the Plaintiff to perform additional work prior to 8AM and after 4PM which was not compensated.

31. The Plaintiff was required to operate a company vehicle before 8AM and after 4PM.

32. The Plaintiff was required to provide transportation to other employees to and from the worksite before 8 AM and after 4PM.

33. The Plaintiff was required to transport tools, materials and equipment to and from worksites before and after his scheduled hours.

34. The Plaintiff was not paid for his pre- and post-schedule drive time.

35. At times during his employment, the Plaintiff was required to transport another employee to and from the Defendants' place of business. At these times, the Plaintiff was required to report to the Defendants' place of business at approximately 7:30 AM.

36. As a result of the unpaid pre-and post-shift work, the plaintiff worked more than 40 hours per week without overtime compensation.

37. The Defendants paid the Plaintiff "off-the-books" in cash.

38. Defendants failed to furnish to Plaintiff a payroll notice at the time of his hire, or at any time thereafter, containing the Plaintiff's hourly rates of pay, the designated payday, or other information required by NYLL 195(1)("hiring notice").

39. Defendants also failed to furnish to Plaintiff, with each wage payment, an accurate statement listing Plaintiffs' regular and overtime rates and the number of regular and overtime hours worked as required by NYLL 195(3)("wage statement").

40. The failure to issue a hiring notice or wage statement caused the Plaintiff to endure uncertainty regarding his wages and impeded his ability to take action to correct Defendants' wage and hour violations as he had no means to confirm that he was being compensated in accordance with federal and state law. Moreover, Defendants injured the Plaintiff by failing to provide him with complete and accurate information about the terms of his compensation, which resulted in the underpayment of wages.

41. The Defendants failed to keep accurate records of the hours worked by and wages paid to the Plaintiff as required by the FLSA and the NYLL.

42. The Defendants failed to post notices of employee rights as required by the NYLL and the FLSA.

**WILLFULNESS ALLEGATIONS AND LIQUIDATED DAMAGES**

43. As part of their regular business practice, Defendants have willfully engaged in a


pattern, practice, and/or policy of violating state wage and hour laws.

44. The Defendants' payment of wages "off the books", failing to furnish a hiring notice failing to furnish wage statements, and failing to post notice of employee rights were designed to evade the obligation to comply with the NYLL and the FLSA, and to pay the employer's fair share of unemployment insurance, workers' compensation insurance, and federal and New York State payroll taxes.1

45. The failure to record and report cash wages was not "mere negligence" but constitutes criminal conduct, including:

(a) Falsification of business records (N.Y. Penal Law § 175.10);

(b) Failure to secure workers' compensation insurance (N.Y. Workers' Comp. Law § 52);

(c) Insurance fraud (N.Y. Workers' Comp. Law § 114);

(d) Falsification of workers' compensation payroll records (N.Y. Workers' Comp. Law § 131);

(e) Payroll tax fraud (26 U.S.C. § 7202);

(f) New York Tax Fraud (NY Tax Law § 1801, et seq.)

(g) Unemployment insurance fraud (N.Y. Lab. Law § 632).

46. Because the Defendants' violations were willful, the Plaintiff is entitled to an additional award of liquidated damages equal to the unpaid overtime and spread of hours pay owed.

---

[1] An employer's willingness to making off-the-books cash payments and failure to post notice of employee's rights supports a finding of willfulness. *Shu Qin Xu v. Wai Mei Ho*, 111 F. Supp. 3d 274, 280 (E.D.N.Y. 2015); *Zhengfang Liang v. Cafe Spice SB, Inc.*, 911 F. Supp. 2d 184, 200 (E.D.N.Y. Nov. 29, 2012); *Moon v. Kwon*, 248 F. Supp. 2d 201, 231 (S.D.N.Y. 2002).

## ATTORNEYS' FEES, COSTS AND PREJUDGMENT INTEREST

47. The Plaintiff is entitled to prejudgment interest at 9% per annum under NYLL § 198.

48. The Plaintiff, in an attempt to avoid costly litigation, offered to mediate this case prior to commencement of this action. The Defendants refused.

49. Defendants' failure to participate in mediation despite notice of the clear violations of the NYLL and the FLSA has unnecessarily multiplied these proceedings and required the Plaintiff to incur attorneys' fees and costs.

## FIRST CAUSE OF ACTION

### Overtime Violations - Fair Labor Standards Act

### 29 U.S.C. §§ 201, *et. seq.*; 29 U.S.C. §§ 207(a) & 216

50. Plaintiff(s) reallege and incorporate by reference all allegations in all preceding paragraphs.

51. Defendants were each an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52. At all times relevant, Plaintiff(s) were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

53. The Defendants employed the Plaintiff(s) as an employer.

54. The Defendants failed to compensate the Plaintiff(s) at one and one half times their regular rate of pay for all hours worked in excess of 40.

55. Defendants did not make a good faith effort to comply with the FLSA with regard to overtime compensation to the Plaintiff(s). Therefore, a three-year statute of limitations applies. 29 U.S.C. § 255.

56. As a result of Defendants' violations of the FLSA, the Plaintiff(s) have suffered

damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, including liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION

### Overtime

### NYLL Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.2

57. Plaintiff(s) reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

58. At all times relevant, the Plaintiff(s) have been employees and Defendants have been the employer within the meaning of the NYLL § 651.

59. The Defendants failed to compensate the Plaintiff(s) at one and one half times their regular rate of pay for all hours worked in excess of 40.

60. The Defendants' violations of the NYLL, as described in this Complaint, have been willful and intentional.

61. Due to the Defendants' violations of the NYLL, the Plaintiff(s) are entitled to recover from the Defendants their unpaid overtime wages, liquidated damages, attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION

### Straight Wages

### NYLL § 193

62. Plaintiff(s) reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

63. At all times relevant, the Plaintiff(s) have been employees and Defendants have been the employer within the meaning of the NYLL § 190.

64. The Defendants failed to compensate the Plaintiff(s) for all non-overtime hours worked at their regular rate of pay.

65. The Defendants' violations of the NYLL, as described in this Complaint, have been willful and intentional.

66. Due to the Defendants' violations of the NYLL, the Plaintiff(s) are entitled to recover from the Defendants their unpaid wages, liquidated damages, attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### Wage Statement Claims
### NYLL §§ 195(3) & 198

67. Plaintiff(s) reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

68. Defendants did not issue wage statements to Plaintiff(s) with each payment of wages that complied with NYLL § 195(3).

69. Due to the Defendants' violations of NYLL § 195(3), the Plaintiff(s) are entitled to recover from the Defendants statutory damages of $250 per workday up to a maximum of $5,000 each, attorneys' fees and costs of the action.

## FIFTH CAUSE OF ACTION
### Wage Notice Claim
### NYLL §§ 195(1) & 198

70. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

71. The Defendants did not issue a wage notice to Plaintiff within 10 business days of hiring as required by NYLL § 195(1) and NYLL § 198(1-b).

72. Due to the Defendants' violation of NYLL § 195(1) Plaintiff(s) are entitled to recover from the Defendants statutory damages of $50 per workday up to a maximum of $5,000, attorneys' fees and costs of the action.

## JURY DEMAND

Plaintiff(s) demand a trial by jury on all claims properly triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court grant the following relief:

    A.    Unpaid overtime wages under the FLSA;

    B.    Unpaid overtime wages under the NYLL;

    C.    Unpaid regular wages under the NYLL;

    F.    Statutory damages for violations of NYLL § 195(3);

    G.    Statutory damages for violations of NYLL § 195(1);

    H.    Liquidated damages;

    I.    Attorneys' fees and costs of the action;

    J.    Pre-judgment and post-judgment interest as provided by law; and

    K.    Such other relief as this Court shall deem just and proper.

Dated: January 13, 2025

                              MOSER LAW FIRM, P.C.

                              *Steven John Moser*

                              Steven John Moser (SM6628)
                              133C New York Ave
                              Huntington, New York 11743
                              steven.moser@moserlawfirm.com
                              (631) 824-0200