

**M**OSER **L**AW **F**IRM, PC

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

October 27, 2025

**VIA ECF**

Hon. Nusrat J. Choudhury, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:  *Contreras v. Polar Property Services Inc.,* 2:25-cv-00418, (E.D.N.Y)

Dear Judge Choudhury:

      I represent the Plaintiff Carlos Contreras in the above referenced matter.  By this letter I respectfully request an extension of the Plaintiff's time to oppose the Defendants' motion to dismiss.

      On September 17, 2025 the Court issued a scheduling order concerning the Defendants' anticipated motion to dismiss under FRCP 12(b).  The order provided that the Plaintiff would either oppose the motion to dismiss on October 6, 2025 if the Plaintiff did not amend the complaint.  The date was not properly calendared by my office. On October 23, 2025, after a file review, I discovered the error and emailed opposing counsel as follows:

> *Keith*
>
> *We will not be filing an amended complaint.  However, my assistant Shirley is out on  maternity leave and we did not properly calendar the deadline to oppose.*
>
> *Can defendants consent to an extension of the briefing schedule as follows:*
>
> *Opposition Due    11/7/2025*
> *Reply    11/28/2025*
>
> *Steve*

      Defendants did not respond to the request and waited until October 27, 2025 to file their motion to dismiss as *unopposed*.

  The delay in this case has not resulted to any prejudice to the Defendants.  Mediation has been scheduled with Andrew Kimler, Esq. of the EDNY Mediation Panel for December 15, 2025.  The error was not a tactical maneuver or an act of bad faith on the part of the Plaintiff.  While of course Defendants were under no obligation call the omission to Plaintiff's attention, it appears as though the Defendants did make a tactical decision simply to quietly wait and then attempt to win the motion by default.  Allowing the enlargement of time will the permit the Court to resolve this matter on its merits rather on a procedural technicality.  This is especially important in light of the fact that the Plaintiff is highly likely to succeed on the merits.

              Respectfully submitted,

              *Steven J. Moser*
              Steven J. Moser