

4242 MERRICK ROAD, MASSAPEQUA, NEW YORK 11758

| ATTORNEYS | PARALEGALS |
|---|---|
| JUSTIN M. REILLY, ESQ. | ROSA COSCIA |
| KEITH E. WILLIAMS, ESQ. | CATALINA ROMAN |

**Via: ECF**  October 27, 2025

Hon. Judge Nusrat J. Choudhury
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re:** *Contreras v. Polar Property Services, Inc., et al,.*; 2:25-cv-00418-NJC-AYS

Dear Hon. Judge Choudhury:

I represent Defendants in the above-referenced Fair Labor Standards Act ("FLSA") case. I write in response to Plaintiff's belated request for an extension of time to file an opposition to Defendants' Motion to Partially Dismiss the Amended Complaint. For the reasons set forth below, Plaintiff's request is procedurally improper, substantively unwarranted, and should be denied.

As an initial matter, while Plaintiff's counsel correctly states that he sent an email to me regarding an extension, I did not become aware of that communication until reviewing his letter submission filed with the Court earlier today. Upon checking my inbox, I located the referenced email. It was not intentionally ignored, and no form of gamesmanship occurred, as counsel suggests. Nevertheless, even had I been aware of the email at the time, Defendants would not have consented to an extension because Plaintiff has consistently demonstrated a lack of diligence in adhering to Court-ordered deadlines throughout this litigation, resulting in repeated and unnecessary delays.

This is not the first instance of missed deadlines by Plaintiff. The procedural history reflects a consistent pattern of noncompliance:

1. On March 18, 2025, Defendants filed their first Pre-Motion Conference Letter (D.E. 11). Plaintiff failed to respond within seven (7) days as required, prompting the Court to set a briefing schedule without his input.

2. Pursuant to the Court's April 1, 2025 Order, Plaintiff was required to file either an Amended Complaint or an opposition to Defendants' motion by May 12, 2025. Plaintiff failed to do either.

3. On May 15, 2025, Defendants filed their unopposed motion to dismiss. Only later that same day did Plaintiff file an untimely request for an extension, which the Court granted over Defendants' objection. (See D.E. 16, 17; Order dated May 18, 2025.)

In its May 18, 2025 Order, the Court expressly cautioned Plaintiff's counsel "that it is his responsibility to file any motion for an extension within three business days of the deadline … [and that] **[a]ny further untimely extension requests will be denied**." *Id.* Notwithstanding this unequivocal warning, Plaintiff has once again failed to comply.

At the August 22, 2025 Pre-Motion Conference, the Court established a clear briefing schedule requiring Plaintiff to either file a Second Amended Complaint or an opposition to Defendants' Motion to Partially Dismiss the First Amended Complaint by October 6, 2025. Plaintiff again ignored this deadline. Nearly three weeks later, on October 23, 2025, Plaintiff's counsel sent the email now referenced in his request. He did not follow up when no response was received, which could have been a very simple email or phone call, nor did he make any application to the Court until October 27, 2025, after Defendants had already filed their motion papers.

Plaintiff's actions contravene both the Court's prior orders and Your Honor's Individual Rules 5.2.5[1] and 1.7,[2] which require timely and justified requests for scheduling modifications. Plaintiff's sole explanation—that counsel failed to properly calendar the deadline—falls far short of satisfying that standard. Plaintiff's administrative oversight and lack of diligence is not an isolated lapse. Plaintiff's serial failures have now disregarded at least six separate procedural obligations, including:

> (i) failure to respond to Defendants' first Pre-Motion Conference Letter;
> (ii) failure to comply with the Court's briefing schedule governing Defendants' Motion to Partially Dismiss the Complaint by failing to timely file a First Amended Complaint or an opposition;
> (iii) failure to timely move for an extension of time to file a First Amended Complaint;
> (iv) failure to comply with the Court's briefing schedule governing Defendants' Motion to Partially Dismiss the First Amended Complaint;
> (v) failure to timely move for an extension of time to file an opposition; and,
> (vi) failure to demonstrate a valid basis for any of their procedural failures and untimely requests.

Defendants have been prejudiced by Plaintiff's repeated delays, which have needlessly prolonged resolution of this motion and the overall progress of the case. Each missed deadline has forced Defendants to expend additional time and resources to address issues that could have been avoided through minimal diligence. Permitting yet another late filing—despite the Court's prior admonition—would not only reward noncompliance but also undermine judicial efficiency and the integrity of the scheduling orders set by this Court.

---

[1] "After a briefing schedule has been set, the parties may not modify it without Court approval. Any parties seeking to modify a briefing schedule shall file a request for an extension on ECF under the requirements of Individual Rule 1.7." Individual Rule 5.2.5.

[2] "[R]equests … to extend filing deadlines shall be made at least three (3) business days prior to the scheduled date[]." Individual Rule 1.7.3.

Plaintiff has demonstrated a consistent disregard for this Court's orders and procedural rules. His untimely and unsupported request should be denied. Defendants respectfully request that the Court deem their pending Motion to Partially Dismiss the First Amended Complaint as unopposed and grant the relief sought therein.

Thank you for Your Honor's attention to this matter.

                                                  Respectfully submitted,

                                                  Keith E. Williams, Esq.

cc: all counsel of record, via ECF.

PHONE: 516.228.5100   FAX: 516.228.5106   INFO@NHGLAW.COM
WWW.NHGLAW.COM   WWW.NEWYORKOVERTIMELAW.COM