UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carlos Contreras,<br><br>       Plaintiff,<br><br>  -v-<br><br>Polar Property Services Inc., John A. Romanelli, and Richard P. Sculco,<br><br>       Defendants. | 2:25-cv-418<br>(NJC) (AYS) |

**ORDER**

  The Court has reviewed Plaintiff's request for an extension of time to oppose Defendants' motion to dismiss the Amended Complaint (ECF No. 29), and Defendants' opposition to Plaintiff's request (ECF No. 30). For the reasons explained below, the requested extension is granted over Defendants' opposition. Nevertheless, the Court warns Plaintiff that any future untimely request for an extension of time or adjournment of a Court-ordered deadline will be denied, and any further failure to comply with Court-ordered deadlines and the Court's Individual Rules governing the timing for any extension or adjournment request may result in the imposition of sanctions.

  On September 17, 2025, this Court issued a scheduling order requiring Defendants to serve any motion to dismiss Plaintiff's Amended Complaint by September 22, 2025. (*See* Elec. Order, Sept. 17, 2025.) On September 22, 2025, Defendants timely served their intended motion to dismiss on Plaintiff. (*See* ECF No. 26.) Plaintiff was required to file either a second amended complaint or opposition to Defendants' motion to dismiss by October 6, 2025, and Defendants were to file a reply by October 27, 2025. (*See* Elec. Order, Sept. 17, 2025.) Accordingly, all

briefing on Defendants' motion to dismiss the Amended Complaint was to be completed by October 27, 2025. (*Id.*)

October 6, 2025 passed without Plaintiff serving on Defendants a second amended complaint or opposition to Defendants' motion to dismiss, and thus Defendants filed an unopposed motion to dismiss the Amended Complaint on October 27, 2025—the deadline for filing the fully-briefed motion under the Court's September 17, 2025 Order. (ECF No. 28.) Later that day, on October 27, 2025, Plaintiff filed a request for an extension of time to file an opposition to Defendants' motion making the sole argument that counsel's office failed to calendar the opposition deadline. (ECF No. 29.) Plaintiff also represented that on October 23, 2025, after discovering the calendaring error, he reached out to Defendants' counsel to seek Defendants' consent to an extension of the briefing schedule in light of the calendaring error but did not receive any response. (*Id.*) Defendants filed a response in opposition to Plaintiff's request for an extension of time on October 27, 2025, confirming that they received Plaintiff's request on October 23, 2025, but did not become aware of the communication until after the filing of their unopposed motion to dismiss earlier in the day on October 27, 2025. (ECF No. 30 at 1.) Defendants oppose the requested extension due to Plaintiff's history of missing deadlines in this action as follows: (1) Plaintiff did not file a response to Defendants' March 18, 2025 pre-motion conference letter (ECF No. 11); (2) Plaintiff failed to timely file an amended complaint or opposition to Defendants' motion to dismiss the original Complaint by May 12, 2025, as required by this Court's April 1, 2025 scheduling order (Elec. Order, April 1, 2025); and (3) as noted above, Plaintiff failed to timely oppose Defendants' current motion to dismiss by October 6, 2025, as required by the Court's September 17, 2025 scheduling order (Elec. Order, September 17, 2025.).

The record makes clear that Plaintiff has repeatedly missed court deadlines in this action, including the May 12, 2025 deadline to timely file an amended complaint or opposition to Defendants' motion to dismiss the original Complaint and the October 6, 2025 deadline to serve Defendants with either a second amended complaint or an opposition to the motion to dismiss the Amended Complaint. However, on the present record, Defendants did not timely review an email from Plaintiff's counsel requesting consent for a motion to extend the deadline for Plaintiff's opposition to the motion to dismiss the Amended Complaint. The Court previously granted Plaintiff's untimely request for an extension of time to file an amended complaint in response to Defendants original motion to dismiss. (*See* Elec. Order, May 19, 2025.) In that Order, this Court "advise[d] Plaintiff's counsel that it is his responsibility to file any motion for extension within three business days of the deadline." (*Id.*) Plaintiff's counsel has thus been on notice of this Court's deadlines for requesting an extension of a Court-ordered deadline and of at least one past instance of non-compliance. In light of Plaintiff's counsel's failure to properly calendar the October 6, 2025 deadline and Plaintiff's failure to timely oppose Defendants' motion to dismiss the Amended Complaint, the Court now places Plaintiff on notice that Plaintiff is engaging in a pattern of missing Court-ordered deadlines that is inefficient and imposes costs on the Court and other parties in this action.

In light of this record, this Court grants Plaintiff an extension of time with a warning that any future untimely requests for an extension of time or adjournment of a Court-ordered deadline will be denied and that any further failure to comply with Court-ordered deadlines and the Court's Individual Rules governing the timing for any extension or adjournment request may result in the imposition of sanctions, including but not limited to attorney's fees and costs incurred by Defendants as a result of Plaintiff's pattern of violations of these deadlines and rules. *See Herman v. Davis Acoustical Corp.*, 196 F.3d 354, 357 (2d Cir. 1999) (holding that district

courts have the "authority to award attorney's fees for . . . defendants' willful violation[s] of its order[s]."); *CBS Broadcasting Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) (holding that a court may hold a party in civil contempt for failure to comply with a court order if "(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner.").

Plaintiff's opposition to Defendants' motion to dismiss the Amended Complaint is due on **November 7, 2025**, and Defendant's reply is due on **November 21, 2025**. There shall be no further extensions of these deadlines.

Dated: Central Islip, New York
       November 3, 2025

                                                /s/ *Nusrat J. Choudhury*
                                            NUSRAT J. CHOUDHURY
                                            United States District Judge