**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Carlos Contreras,<br><br>                                     Plaintiff(s),<br><br>         -*against*-<br><br>Polar Property Services, Inc., John A. Romanelli and Richard P. Sculco,<br><br>                                     Defendant(s). | Case No. 20-CV-5855 (DG)(RML) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO** Fed. R. Civ. P. 12(B)(6)

Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
5 East Main Street
Huntington, NY 11743
(516) 671-1150
smoser@moseremploymentlaw.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ............................................................................................... 1

**ARGUMENT** ................................................................................................................................ 2

    I.    THE PLAINTIFF'S DRIVE TIME BETWEEN THE EMPLOYER'S PREMISES AND THE WORKSITES IS COMPENSABLE ...................................................................... 2

    II.   A DRIVER NEED NOT PHYSICALLY PICK UP TOOLS IN ORDER TO BE ENTITLED TO COMPENSATION FOR THE DRIVE TIME FROM THE EMPLOYER'S HEADQUARTERS TO A WORKSITE. ................................................ 3

    III.  WHETHER AN ACTIVITY IS "INTEGRAL AND INDISPENSABLE" TO AN EMPLOYEE'S PRINCIPAL ACTIVITY REQUIRES A DETERMINATION OF THE EMPLOYEE'S PRINCIPAL DUTIES, A QUESTION OF FACT NOT SUITABLE FOR RESOLUTION AT THE PLEADING STAGE. ............................................................... 6

    IV.  AN EMPLOYEE MUST BE PAID FOR PICKING UP EMPLOYEES, TOOLS OR EQUIPMENT ON THE WAY TO A WORKSITE TO THE EXTENT THOSE DUTIES INCREASE THE LENGTH OF THE EMPLOYEE'S ORDINARY COMMUTE. ........... 9

    V.   DURING THE TIME THAT THE PLAINTIFF WAS PERMITTED TO COMMUTE DIRECTLY FROM HIS HOME TO THE FIRST WORK LOCASTION, HIS ENTIRE COMMUTE MAY BE COMPENSABLE BECAUSE THE USE OF THE EMPLOYER'S VEHICLE WAS NOT SUBJECT TO AN AGREEMENT BETWEEN THE PLAINTIFF AND DEFENDANTS AS REQUIRED BY THE ECFA AMENDMENTS TO THE PORTAL-TO-PORTAL ACT ............................................. 11

    VI.  DEFENDANTS' MOTION TO DISMISS THE WAGE NOTICE AND WAGE STATEMENT CLAIMS IS PREMATURE AND OTHERWISE FAILS AS A MATTER OF LAW. ........................................................................................................................ 12

## PRELIMINARY STATEMENT

The First Amended Complaint ("FAC") alleges that the Plaintiff was "employed by [Defendants] as a laborer and driver." [1] "For approximately the first year and a half of his employment, the Plaintiff was required to report to the Defendants' place of business in Wantagh, New York at approximately 7:00 AM."[2] From there, "he was required to drive a company van from Wantagh to the worksite…contain[ing] tools, equipment and another employee."[3] At the end of the day, the Plaintiff was required to return the company van to Wantagh, where he arrived between 4:30-5:30 PM.[4] However, he was not paid from the time he was required to report to retrieve the company van until returning to the employer's place of business.[5]

"After the first year and a half, the Plaintiff was permitted to drive the company van to and from his residence in Bethpage, New York. However, during this period of time, he was required by Polar to pick up an[other] employee. . .each morning and drop-off the employee at the end of the workday."[6] "The Plaintiff was not paid for the [additional time] added to his commute" by driving his co-worker as was required.[7]

The Defendants believe that they need not compensate the Plaintiff for either the time spent driving from the employer's premises to the worksites, or the additional time that picking up another employee added to the Plaintiff's commute and move to dismiss.

---

[1] FAC ¶ 26.
[2] FAC ¶ 33.
[3] FAC ¶ 34.
[4] FAC ¶ 35.
[5] FAC ¶¶ 29, 30, 36.
[6] FAC ¶ 39.
[7] FAC ¶¶ 40-41.

# ARGUMENT

I. **THE PLAINTIFF'S DRIVE TIME BETWEEN THE EMPLOYER'S PREMISES AND THE WORKSITES IS COMPENSABLE**

> Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice. If an employee…is sent to [a] job which he finishes at 8 p.m. and is required to return to his employer's premises arriving at 9 p.m., all of the time is working time.

29 C.F.R. § 785.38.

Consistent with this regulation, various courts within the Second Circuit have found that where an employer requires employees to report to the employer's location prior to traveling to a worksite, the travel time is compensable. *See Gortat v. Capala Bros.*, 257 F.R.D. 353, 361 (E.D.N.Y. 2009) (summary judgment denied because of the dispute whether defendant employers required plaintiffs construction workers to report first to the Greenpoint shop before beginning their work at Manhattan worksites); *Hajny v. Best Roofing of N.J., Inc.*, No. 11 Civ. 00173 (LLS), 2011 U.S. Dist. LEXIS 67763, 2011 WL 2493737, at *3 (S.D.N.Y. June 21, 2011) ("Plaintiffs' allegations regarding their travel from the shop to the job site fit squarely within [29 C.F.R. § 785.38]"); *Diaz v. KC Plumbing, L.L.C.*, No. 19 CV 4321 (DLI) (CLP), 2021 U.S. Dist. LEXIS 39409, at *3 (E.D.N.Y. Mar. 1, 2021) (awarding default judgment to plaintiff for travel time where the employee alleged that he was required, as part of his duties, to drive the employer's van from the employer's residence at the beginning of the workday and to the employer's residence at the end of the day).

The Plaintiff's travel time between the Defendant's place of business in Wantagh is equally compensable under the New York Labor Law ("NYLL"). In an opinion dated May 7, 2010 (RO-10-0068), the New York State Department of Labor responded to an inquiry from a technician

who drove a company-owned truck that was parked at a rental space paid for by the employer.[8] The technician was required to travel from his home to the rental space to retrieve the truck each morning and then travel from the rental space to his first job assignment. The DOL began by noting that under New York law, "time spent in traveling [is compensable] to the extent that such traveling is *part of the duties* of the employee." The DOL then noted that it interprets the New York Labor Law "in line" with the federal regulations for travel time." *Id.,* p. 2 (citing 29 C.F.R. §785.38). The DOL concluded that because the employee reported to the company's rented location to pick up the truck and traveled to a job site from there, the travel time between the rental space and the job site "*must be counted as hours worked*. Accordingly, it appears that your employer is acting in violation of the requirements of the New York Labor Law[.]" *Id.,* p. 2 (emphasis added).

II.  **A DRIVER NEED NOT PHYSICALLY PICK UP TOOLS IN ORDER TO BE ENTITLED TO COMPENSATION FOR THE DRIVE TIME FROM THE EMPLOYER'S HEADQUARTERS TO A WORKSITE.**

Defendants cite to *Medina v. Ricardos Mech., Inc.*, No. 16-CV-1407 (NGG) (JO), 2018 U.S. Dist. LEXIS 140940, at *3 (E.D.N.Y. Aug. 17, 2018), for the proposition that a driver who is required to report to an employer's premises to retrieve a company van is not entitled to compensation for the drive time between the employer's premises and the worksite. *See* Def. MOL, p. 8.  In *Medina* ,

> [the] Plaintiff worked for Ricardos, a company that services commercial and residential heating and cooling systems[.] Plaintiff's role included installing, servicing, and transporting the systems. . . Plaintiff would drive in his own car to company headquarters, where he would pick up a company work van. [] He would then drive the van to his first work site in the morning, and he would return the van to company headquarters in the evening. [] Although Ricardos offered to pay Plaintiff to park the van near his home, Plaintiff declined the offer, and instead chose to retrieve the van from the company headquarters each day.

---

[8] A copy of this opinion letter is annexed to this Memorandum of Law as Exhibit 1.

3

*Medina*, 2018 U.S. Dist. LEXIS 140940, at *12.

The court was understandably hesitant to compensate Medina for time which was essentially a product of his own choice. Unlike here, Medina was not "required to report" to the employer's location each morning and therefore did not fall within the plain language of 29 C.F.R. § 785.38. Moreover, reporting to the employer's premises to retrieve the vehicle may not have constituted compensable "work" because it was neither required by the employer and it primarily benefitted the plaintiff, not the defendant. *Aquino v. Uber Techs., Inc.*, No. 22-CV-4267 (KHP), 2023 U.S. Dist. LEXIS 210429, at *13 (S.D.N.Y. Nov. 27, 2023) (citing *Holzapfel v. Town of Newburgh*, 145 F.3d 516, 528 (2d Cir. 1998)(under the FLSA, whether time is compensable "depends on whether the time is (1) controlled or required by the employer and (2) pursued necessarily and primarily for the benefit of the employer." Instead, the decision states:

> [T]he court does not find it plausible that the mere picking up of a vehicle containing tools, without the need to load tools into the vehicle, renders the commute "integral and indispensable"[9] to the workday—and thus compensable as work.

*Medina*, 2018 U.S. Dist. LEXIS 140940, at *12. The decision then cites to list of cases which stand for a "majority position" that an employee who is required to pick up and drive a van containing tools is not entitled to compensation for his drive time unless he physically loads tools into the van. *See Medina*, 2018 U.S. Dist. LEXIS 140940, at *12.

However, none of the cases cited in *Medina* involved individuals who were *driving*. Instead, the question in all of the cited cases was when the workday of *non-drivers* began. *See Pizano v. Big Top & Party Rentals, L.L.C., No*. 15-cv-11190, 2017 U.S. Dist. LEXIS 56118, at *8

---

[9] The question, however, is not whether the Plaintiff's "commute" was "integral and indispensable" to his "workday", but whether the Plaintiff had engaged in any activities which constituted his principal activities or were "integral and indispensable to such principal duties.

4

(N.D. Ill. Apr. 12, 2017); *Hernandez v. NJK Contrs., Inc.*, No. 09-CV-4812 (RER), 2015 U.S. Dist. LEXIS 57568, 2015 WL 1966355, at *26 (E.D.N.Y. May 1, 2015); *Hajny v. Best Roofing of N.J., Inc.*, No. 11-CV-00173 (LLS), 2011 U.S. Dist. LEXIS 67763, 2011 WL 2493737, at *3; *Gonzalez v. Bustleton Servs.*, Civil Action No. 08-4703, 2010 U.S. Dist. LEXIS 23158, 2010 WL 1813487, at *12 (E.D. Pa. Mar. 5, 2010); *O'Brien v. Encotech Constr.*, No. 00-CV-1133, 2004 U.S. Dist. LEXIS 4696, 2004 WL 609798, at *5 (N.D. Ill. Mar. 22, 2004). These cases hold that an employee who simply rides as an occupant in a company vehicle from a central location is not entitled to compensation for the commute time. However, if non-drivers performed compensable duties such as cleaning or loading vehicles before the commute, the work triggered the beginning of the workday, such that the commute was compensable. *Id.*

In fact, the defendants in Pizano did "not contest that the employees who actually drove trucks [] like Plaintiff, were working the entire drive." *Pizano*, 2017 U.S. Dist. LEXIS 56118, at *8. Similarly, in *Obrien*, the parties agreed that for drivers who "necessarily stopped at the yard while traveling between home and a job site, the time between the yard and job site is time covered by the statutes." *O'Brien v. Encotech Constr.*, No. 00-CV-1133, 2004 U.S. Dist. LEXIS 4696, at *14 (N.D. Ill. Mar. 22, 2004).

Respectfully, the cases cited in the decision do not establish any "majority position" that an employee who reports to the employer's headquarters and is required to drive other employees, tools and materials to a jobsite for the benefit of the employer is not entitled to compensation therefor. While we do not disagree with the result in *Medina,* we respectfully disagree with the way in which the result was achieved.

5

## III. WHETHER AN ACTIVITY IS "INTEGRAL AND INDISPENSABLE" TO AN EMPLOYEE'S PRINCIPAL ACTIVITY REQUIRES A DETERMINATION OF THE EMPLOYEE'S PRINCIPAL DUTIES, A QUESTION OF FACT NOT SUITABLE FOR RESOLUTION AT THE PLEADING STAGE.

According to the Department of Labor's "continuous workday rule",

> Periods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked to the same extent *as would be required if the Portal Act had not been enacted.*[10]

29 C.F.R. § 790.6(b) (emphasis supplied). In turn, the regulations define a "principal activity" as one "which the employee is 'employed to perform." 29 C.F.R. § 790.8.

In *Williams v. Epic Sec. Corp.*, No. 15 Civ. 5610 (AKH), 2018 U.S. Dist. LEXIS 91038, at *8-9 (S.D.N.Y. May 31, 2018), the plaintiffs alleged that they "were required each day to report to company headquarters in Manhattan, pick up a company car, and drive to worksites where they were employed as security guards." *Epic*, 2018 U.S. Dist. LEXIS 91038, at *8-9 The employer moved for summary judgment, arguing that the travel from Epic's headquarters to worksites was part of their ordinary commute. *Epic*, 2018 U.S. Dist. LEXIS 91038, at *8-9. In opposition, the Plaintiffs "argue[d] that their workday began upon arrival at EPIC's Manhattan headquarters, and that any further travel time was *not* commute time under the Portal-to-Portal Act." *Epic*, 2018 U.S. Dist. LEXIS 91038, at *8-9. The Court noted that "regarding travel time between headquarters and worksites, the critical issue is "*when* and *where* the workday starts, for once it begins, the continuous workday rule applies and 'the *Portal-to-Portal Act's exceptions for travel and preliminary activities are inapplicable*.'" *Id.* (citing *Gortat v. Capala Bros.*,1 257 F.R.D. 353, 361 (E.D.N.Y.2009) (emphasis added).

---

[10] 29 C.F.R. § 790.6(b); *See IBP, Inc. v. Alvarez*, 546 U.S. 21, 29, 126 S. Ct. 514, 521 (2005)(citing the DOL's "continuous workday rule" with approval).

6

But in order to determine whether an activity is "integral and indispensable" to an employee's principal activity, the employee's principal duties must be determined. *Coates v. Crane*, No. MO:22-CV-00018-DC, 2023 U.S. Dist. LEXIS 104584, at *5 (W.D. Tex. May 12, 2023). In *Coates*, the plaintiffs alleged that they should be compensated for the time spent commuting to a worksite because they stopped for fuel and supplies during the drive. *Coates,* 2023 U.S. Dist. LEXIS 104584, at *5-6. Following a jury verdict in favor of the plaintiffs, defendants filed a motion for judgment as a matter of law. The Court noted the following:

> Defendant zeroes in on Plaintiffs' stops for fuel and supplies on the way to work sites because such stops were not an "integral and indispensable" part of Plaintiffs' "principal activities[.]" But before determining whether an activity is "integral and indispensable" to a [] principal activity, logically, the Court must first know what the [employees'] "principal activities" are.
>
> Department of Labor ("DOL") regulations state that an employee's "principal activities" are those which they are "employed to perform." The term "principal activities" also includes all activities that are an "integral" or "indispensable" part of the employee's principal activities. Indeed, *any* activity will be considered a "principal activity" when it is "integral and indispensable" to the employee's principal activities. And Defendant is correct that *what is "integral and indispensable" is a question of law for the Court*. But what Defendant's argument overlooks is that the Court doesn't need to decide whether Plaintiffs' stops for fuel and supplies [] were "integral and indispensable" if such activities were part of their "principal activities." Indeed, *whether certain activities are "principal activities" is a question of fact for the jury.*

*Coates* 2023 U.S. Dist. LEXIS 104584, at *5-6 (W.D. Tex. May 12, 2023)(emphasis supplied).

In the context of the FLSA, an employee's primary duties are ordinarily a question of fact. *Dobrosmylov v. Desales Media Grp., Inc.*, 532 F. Supp. 3d 54, 61 (E.D.N.Y. 2021); *DeLuca v. Sirius XM Radio, Inc.*, No. 12-cv-8239 (CM), 2017 U.S. Dist. LEXIS 127278, at *76 (S.D.N.Y. Aug. 7, 2017); *Mendez v. Old Dominion Freight Line, Inc.*, No. 21-CV-5289 (RPK) (TAM), 2022 U.S. Dist. LEXIS 139832, at *19 (E.D.N.Y. Aug. 5, 2022) (determining an employee's primary

7

duties requires a "fact-intensive analysis"). For this reason, virtually all of the cases cited by the Defendants involve a decision that was made either at summary judgment (because certain facts were determined to be undisputed) or after a trial where plaintiff's principal duties (where the question of fact was resolved). *See IBP, Inc. v. Alvarez*, 546 U.S. 21, 24, 126 S. Ct. 514, 518 (2005) (summary judgment); *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956) (summary judgment); *Singh v. City of N.Y.*, 524 F.3d 361, 364 (2d Cir. 2008) (summary judgment); *Kavanagh v. Grand Union Co.*, 192 F.3d 269, 271 (2d Cir. 1999) (summary judgment); *Colella v. City of N.Y.*, 986 F. Supp. 2d 320, 332 (S.D.N.Y. 2013) (summary judgment); *Campbell v. Empire Merchs., L.L.C.*, No. 16-CV-5643 (ENV) (SMG), 2018 U.S. Dist. LEXIS 146510, at *15 (E.D.N.Y. Aug. 27, 2018) (summary judgment); *Medina*, 2018 U.S. Dist. LEXIS 140940 (NGG) (JO)(summary judgment); *Reich v. N.Y. City Transit Auth.*, 45 F.3d 646, 648 (2d Cir. 1995) (bench trial); *Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284, 291 (S.D.N.Y. 2019) (bench trial).

There appear to be only two notable cases cited by the Defendants that were resolved at the pleading stage - *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 30, 135 S. Ct. 513, 515 (2014) and *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 591 (2d Cir. 2007). However, neither of these cases involved the compensability of travel time. Instead, both involved time spent by employees waiting for security screenings. *See Integrity Staffing Sols., Inc.*, 574 U.S. at 30, 135 S. Ct. at 515 (determining whether time spent by amazon warehouse employees waiting in line for post-shift security screening before leaving the warehouse was compensable); *Gorman*, 488 F.3d at 591 (determining whether time spent by Indian Point employees passing through multiple layers of security upon entry was compensable).

8

IV. **AN EMPLOYEE MUST BE PAID FOR PICKING UP EMPLOYEES, TOOLS OR EQUIPMENT ON THE WAY TO A WORKSITE TO THE EXTENT THOSE DUTIES INCREASE THE LENGTH OF THE EMPLOYEE'S ORDINARY COMMUTE.**

If an employee is "required to pick up. . .employees and [if] the arrangement was primarily for the benefit of his employer, he may be able to recover compensation for the time, if any, that the pickups added to his commute." *Ga Ho Kim v. DK Cosmetics*, No. 19-CV-9079 (JMF), 2022 U.S. Dist. LEXIS 32972, at *13 (S.D.N.Y. Feb. 23, 2022). In *Singh*, 524 F.3d at 364 the Second Circuit determined whether the time added to a commute by the simple act of carrying documents was compensable:

> We hold that carrying inspection documents while commuting is not work under the FLSA *except to the extent that it increases the duration of a commute*. Because the record shows that such an increase in commuting time is *de minimis* as a matter of law, we AFFIRM the district court's judgment that none of the plaintiffs' commuting time is compensable under the FLSA.

*Singh*, 524 F.3d at 364. Similarly, in *Reich v. N.Y. City Transit Auth.*, 45 F.3d 646, 648 (2d Cir. 1995), the Second Circuit found that dog handlers who lived with the dogs were not entitled to be paid for their commute because the commute time was not "substantially increased" by the dog's presence in the vehicle. *Reich*, 45 F.3d at 652 ("The mere presence of a dog does not make the commute compensable.").

The Defendants also cite to *Madicorp*, 2024 U.S. Dist. LEXIS 34427 (AMN/TWD) for the broad proposition that time spent driving other employees is not compensable. The decision quotes the following language from *Kim v. DK Cosmetics*, No. 19-CV-9079 (JMF), 2022 U.S. Dist. LEXIS 32972, 2022 WL 540675, at *5 (S.D.N.Y. Feb. 23, 2022):

> The mere fact that Kim may have been encouraged (or even required) to pick up other employees from locations near his home in Queens and bring them with him to New Jersey, or to make occasional deliveries to retail stores in New York on his way home, certainly does not render his entire commute compensable.

9

However, the decision omits the following language from *Kim:*

> But if Kim can establish that he was required to pick up the other employees and that the arrangement was primarily for the benefit of his employer, he may be able to recover compensation for the time, if any, that the pickups added to his commute. And because making deliveries was clearly for the benefit of his employer, "there is no question that" Kim should be compensated for "any *added* commuting time" that the deliveries caused.

*Ga Ho Kim*, 2022 U.S. Dist. LEXIS 32972 (JMF). Similarly, *Madicorp* also quoted the following language from *Epic,* 358 F. Supp. 3d. n.21:

> in circumstances where an employee is required to drive an employer's vehicle to work, and transports other employees during the trip, travel time is not compensable

However the decision omits the entire footnote, which states:

> Also, in circumstances where an employee is required to drive an employer's vehicle to work, and transports other employees during the trip, travel time is not compensable, since "*their task was no different than what a commuter would normally do* on a drive to work with or without other passengers." *See Hodge v. Lear Siegler Servs., Inc.*, No. 06-CV-263 (MHW), 2008 U.S. Dist. LEXIS 45128, 2008 WL 2397674, at *10 (D. Idaho 2008).

*Epic*, 358 F. Supp. 3d at 299 n.21 (emphasis supplied). In other words, the time spent driving other employees is non-compensable only to the extent that the task of picking up other employees does not add time to the employee's regular commute.

Here, the Plaintiff has sufficiently alleged that the Defendants required him to pick up another employee during the time period that Polar permitted him to commute directly to work from home. This was obviously for the benefit of the employer. Moreover, the time added to the commute in this case (1 hour each day for a total of 5 hours each week) is not *de minimis*. *See, e.g.,* P*erez v. G&P Auto Wash,* 930 F. Supp. 2d 423, 431 (E.D.N.Y. 2013) (employer requiring plaintiff to regularly report to work between 30 and 40 minutes prior to car wash's opening and stay at work 10 to 20 minutes after car wash closed did not constitute *de minimis* activity); *El v. Potter*,

10

No. 01 Civ. 6125 (RWS), 2004 U.S. Dist. LEXIS 24447, 2004 WL 2793166, at *11 (S.D.N.Y. Dec. 6, 2004), *amended on denial of reconsideration*, 2005 U.S. Dist. LEXIS 4330, 2005 WL 646346 (S.D.N.Y. Mar. 18, 2005) (time Postal Service employees spent in transit not *de minimis* because employees regularly spent 20 to 30 minutes in transit each day); *Baldwin v. TMPL Lexington L.L.C.*, 2024 U.S. Dist. LEXIS 148291, at *31 (S.D.N.Y. Aug. 19, 2024) (finding that failure to pay for five hours a week is not *de minimis*).

**V.     DURING THE TIME THAT THE PLAINTIFF WAS PERMITTED TO COMMUTE DIRECTLY FROM HIS HOME TO THE FIRST WORK LOCASTION, HIS ENTIRE COMMUTE MAY BE COMPENSABLE BECAUSE THE USE OF THE EMPLOYER'S VEHICLE WAS NOT SUBJECT TO AN AGREEMENT BETWEEN THE PLAINTIFF AND DEFENDANTS AS REQUIRED BY THE ECFA AMENDMENTS TO THE PORTAL-TO-PORTAL ACT**

The defendants cite *Colella* (986 F. Supp. 2d at 326) for the proposition that drive time to and from a worksite is non-compensable. However, in *Colella,* the plaintiffs were permitted to drive their vehicles from their residence to the first work location, while in this case the Plaintiff was not for the first year-and-a-half of his employment.  The court in *Colella* applied the Employer Commuter Flexibility Act of 1996 (the "ECFA") amendment to the Portal to Portal act, which specifically states that that time spent driving an employer's vehicle for a commute need not be compensated if "if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee." 29 U.S.C. § 254(a). However, *Colella* only exempted the time spent driving the employer's vehicle to and from a worksite because the travel to the first worksite did not add to the "normal commute" and because there was a written agreement between the employer and the employee. *Colella*, 986 F. Supp. 2d at 326 (finding travel non compensable where each Plaintiff signed an election form which stated, in part "I choose to use the Department vehicle from home and commute to my

11

assigned work locations(s) on my own time using the Department vehicle."). In this case, there is no such agreement which would exempt the Plaintiff's travel time.

## VI. DEFENDANTS' MOTION TO DISMISS THE WAGE NOTICE AND WAGE STATEMENT CLAIMS IS PREMATURE AND OTHERWISE FAILS AS A MATTER OF LAW.

Defendants' move based upon their anticipated "affirmative defense" that they made complete and timely payment of wages to the Plaintiff. This branch of Defendant's motion is premature. However, even if this branch of the motion was ripe for adjudication, it would fail as a matter of law:

> The subsections of § 198(1) which we are considering, § 198(1-b) (recovery for failure to provide a time of hiring notice) and § 198(1-d) (recovery for failure to provide wage statements), each creates two paths to recovery. The action for their violation can be brought by the employee, or it can be brought by the Commissioner of the New York State Department of Labor. There are several differences between these paths to recovery, but for our purposes, the material one is that in an action brought by the Commissioner, "it shall be an affirmative defense that . . . the employer made complete and timely payment of all wages due . . . to the employee who was not provided [a time of hiring notice]." NYLL § 198(1-b). In parallel, § 198(1-d) provides that in an action brought by the Commissioner, "it shall be an affirmative defense that ... the employer made complete and timely payment of all wages due ... to the employee who was not provided [with wage statements]."
>
> Note that this affirmative defense of full payment of wages is only available in an action brought by the Commissioner. It is not available in an action brought by the employee. If we are going to apply the canon of statutory interpretation that "[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant", *Corley v. United States*, 556 U.S. 303, 314, 129 S. Ct. 1558, 173 L. Ed. 2d 443 (2009); *see also Nadkos, Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp.* LLC, 34 N.Y.3d 1, 7, 108 N.Y.S.3d 375, 378, 132 N.E.3d 568 (2019), this would mean that full payment of wages does not preclude a fully-paid employee from bringing an action solely for the failure to provide a time-of-hiring notice or wage statements.

*Deng v. Frequency Elecs., Inc.*, 640 F. Supp. 3d 255, 266 (E.D.N.Y. 2022).

## CONCLUSION

Plaintiff respectfully requests that the Defendant's motion be denied in its entirety.

Dated: Huntington, New York
November 7, 2025

> Respectfully Submitted,
> Moser Law Firm, P.C.
>
> By: Steven John Moser