# Exhibit 1



**New York State Department of Labor**
David A. Paterson, *Governor*
Colleen C. Gardner, *Commissioner*

May 7, 2010

Re: Request for Opinion
Hours Worked
Travel Time
RO-10-0068

Dear ▓▓▓▓▓▓▓;

    This letter is written in response to your letter dated April 23, 2010, in which you request an opinion as to whether you are entitled to compensation for certain hours spent traveling as part of your job as a technician for a large company based in Flushing, New York. Your letter states that the company operates a large fleet of commercial trucks which it requires its employees to park at their own residence or at a rented parking space that the company pays for. You state that you are unable to park the truck at your residence due to a local ordinance and that you park it at a rented parking spot. The location of your "first stop" and start time changes every day, depending on where you are assigned. The length of travel from the parking space where the truck is parked can vary from as short as 20 minutes to as long as 1.5 hours to reach your "first stop." You state that you are an hourly employee and that the company does not begin paying you until you reach the "first stop," which has to be verified by phone and GPS installed on the truck. Your letter asks for an opinion as to whether you are entitled to compensation for the travel time between the parking spot and the "first stop," and between the "last stop" and the parking spot.

    State regulation 12 NYCRR §142-2.1 requires, in relevant part, that the minimum wage is required to be paid for "time spent in traveling to the extent that such traveling is part of the duties of the employee." Furthermore, Section 191 of the Labor Law, which sets the frequency of the payment of wages for all hours worked, has been interpreted by this Department to require the payment of wages at an employee's agreed rate of pay for all hours worked. Accordingly, the central issue presented in your letter is whether the time spent traveling from the parking space to your "first stop," and from your "last stop" back to the parking spot at the end of the day is time worked that must be paid at your regular rate of pay, which cannot be less than the minimum wage rate.

Tel: (518) 457-4380, Fax: (518) 485-1819
W. Averell Harriman State Office Campus, Bldg. 12, Room 509, Albany, NY 12240

www.labor.state.ny.us         bcejjs@labor.ny.gov

- 2 -

With regard to determining whether travel time constitutes "hours worked," the New York State Department of Labor interprets the quoted language in regulation 12 NYCRR §142-2.1 and the requirements of Section 191 in line with the federal regulations for travel time. As relevant to your inquiry, federal regulation 29 CFR §785.38 provides, in full, as follows:

> §785.38 Travel that is all in the day's work.
>
> Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice. If an employee normally finishes his work on the premises at 5 p.m. and is sent to another job which he finishes at 8 p.m. and is required to return to his employer's premises arriving at 9 p.m., all of the time is working time. However, if the employee goes home instead of returning to his employer's premises, the travel after 8 p.m. is home-to-work travel and is not hours worked. (Walling v. Mid-Continent Pipe Line Co., 143 F. 2d 308 (C. A. 10, 1944))

Accordingly, since you are required to report to the parking space at the beginning of the day to pick up the truck and return the truck to the parking space at the end of the day, the time you spend commuting from the parking space to your first stop and the time you spend returning the truck to the parking space from your last stop must be counted as hours worked. Accordingly, it appears that your employer is acting in violation of the requirements of the New York State Labor Law in failing to pay you for such time. Since your letter indicates that you are already in receipt of a claim for unpaid wages form, I suggest you file a completed copy of that form with the Division of Labor Standards at your earliest possible convenience.

This opinion is based on the facts set forth in your letter dated April 23, 2010. A different opinion might result if the circumstances outlined in your letter change, if the facts provided were not accurate, or if any other relevant fact was not provided. If you have any further questions, please do not hesitate to contact me.

Very truly yours,

Maria L. Colavito, Counsel

By: *[signature]*

Jeffrey G. Shapiro
Associate Attorney

JGS:MP