**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
CARLOS CONTRERAS,                                                            2:25-cv-00418-NJC-AYS

                         Plaintiff,

    -against-

POLAR PROPERTY SERVICES, INC.,
JOHN A. ROMANELLI, and RICHARD
P. SCULCO,

                         Defendants.
-----------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'**
**MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT**
**PURSUANT TO FED. R. CIV. P.12(b)(6)**

                                                         Respectfully submitted by,

                                                         THE NHG LAW GROUP, P.C.
                                                         *Attorneys for the Defendants*
                                                         4242 Merrick Road
                                                         Massapequa, New York 11758
                                                         Tel: 516.228.5100

Counsel on the Brief:

Keith E. Williams, Esq.

**I.      PRELIMINARY STATEMENT**

Defendants, POLAR PROPERTY SERVICES, INC. ("Polar Property Services"), JOHN A. ROMANELLI ("Romanelli"), and RICHARD P. SCULCO ("Sculco") (collectively, "Defendants"), by and through their counsel, THE NHG LAW GROUP, P.C., respectfully submit this Reply Memorandum of Law in further support of their Motion to Partially Dismiss the Amended Complaint filed by Plaintiff, CARLOS CONTRERAS ("Plaintiff"), pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6).

In his Memorandum of Law in Opposition to Defendants' Motion to Dismiss (the "Opposition"), Plaintiff has failed to demonstrate that his allegations of various wage underpayments arising during the period of March 1, 2021 through August 31, 2022 establish a cause of action for which he can obtain any measure of relief. Indeed, each of the cases Plaintiff relies on is either inapplicable to or distinguishable from his allegations.

For the foregoing reasons, and as set forth more fully herein and in Defendants' opening brief, Defendants respectfully request that this Court enter an Order granting Defendants' Motion to Partially Dismiss, together with such other and further relief as the Court deems just and proper.

**II.     LEGAL ARGUMENT**

    **A.     Plaintiff's Drive Time Between the Employer's Premises and the Work Sites Is Non-Compensable as a Matter of Law**

Plaintiff's primary contention—that his travel time between Defendants' premises and the various worksites where he performed his principal activities is compensable—rests almost exclusively on 29 C.F.R. § 785.38. That regulation provides, in relevant part, that an employer must compensate an employee for travel time when the employee is required to report to a designated meeting place "to receive instructions, perform other work there, or to pick up and carry tools." 29 C.F.R. § 785.38.

1

Plaintiff's reliance on Section 785.38 and associated case law fails for several reasons. First, the plain language of Section 785.38 forecloses Plaintiff's theory. The regulation authorizes compensation only when an employee is required to report to a meeting place <u>for the purpose of</u> receiving instructions, performing work, or picking up and carrying tools. Plaintiff does not allege—nor could he—that he was required to report to Defendants' premises for any of these reasons. To the contrary, Plaintiff affirmatively admits that the sole purpose of reporting to Defendants' premises was to drive the company vehicle to the job sites. This admission places his allegations squarely outside the scope of § 785.38. Plaintiff's argument is therefore premised on a misinterpretation of both the regulation's text and its intended application.

Second, as Defendants demonstrated in their opening brief, courts in this Circuit have repeatedly held that merely picking up a vehicle and driving it to a work site does not transform otherwise non-compensable commute time into compensable work time. Plaintiff invokes *Gortat v. Capala Bros.* and *Hajny v. Best Roofing of N.J., Inc.*[1] to argue that the requirement to report to an employer's premises is, by itself, sufficient to render travel time compensable. But those cases are materially distinguishable and do not stand for the proposition Plaintiff suggests.

In *Gortat*, the court denied summary judgment not because the employees were required to report to the employer's premises, but because there was a factual dispute as to whether the employees were required to report <u>for the purpose of</u> "load[ing] the company vans with tools or other supplies and receiv[ing] daily instructions from the individual defendants." *Gortat v. Capala Bros.*, 257 F.R.D. 353, 360 (E.D.N.Y. 2009). In other words, the case turned on allegations that

---

[1] Plaintiff also relies on *Diaz v. KC Plumbing, LLC*, 19-cv-04321-DLI-CLP, 2021 WL 7500316 (E.D.N.Y. Mar. 1, 2021). *Diaz*, however, is even less helpful. The *Diaz* court did not address or analyze the Portal-to-Portal Act at all in resolving a motion for default judgment. The opinion therefore provides no guidance, let alone support, for Plaintiff's theory.

2

employees performed work or received instructions at the meeting place—precisely the circumstances contemplated by Section 785.38 and wholly absent here.

The court's reasoning in *Hajny* is no different. There, the plaintiffs alleged that they were required to report to the employer's premises "where they received instructions about the day's work and loaded tools and materials into [the employer's] trucks." *Hajny v. Best Roofing of New Jersey, Inc.*, 11-cv-00173-LLS, 2011 WL 2493737, at *3 (S.D.N.Y. June 22, 2011). Again, the alleged compensable work involved the type of pre-shift duties that are explicitly contemplated by Section 785.38.

Third, and most importantly, Plaintiff's own allegations foreclose any argument that his drive time constitutes compensable work. Plaintiff alleges that, from March 1, 2021 through August 31, 2022, he was required to report to Defendants' premises solely to drive a company vehicle to the job sites. He further concedes that the vehicle already contained tools, equipment, and a coworker. *See* Am. Compl. ¶¶ 33–35. Notably, Plaintiff does not allege that he loaded tools, received instructions, prepared materials, or performed any work whatsoever prior to departing for each day's job site. Such allegations place the case squarely within the ambit of the Portal-to-Portal Act, which provides that "traveling to and from the actual place of performance of the principal activity" is non-compensable as a matter of law. 29 U.S.C. § 254(a).

The mere act of driving a company vehicle—without more—is insufficient to convert the commute into compensable work. Courts have consistently held that the incidental transportation of tools or coworkers in a company vehicle does not create compensable time unless the employee performs additional work or is required to engage in tasks integral and indispensable to the principal activity. *See* cases cited in Defendants' opening brief. No such allegations exist here.

3

Because Plaintiff alleges nothing beyond a requirement to report to Defendants' premises for transportation logistics—and because he expressly omits any instruction-related or work-related duties at the premises—his drive time is non-compensable as a matter of law, and his reliance on Section 785.38 and the cited case law is misplaced.

**B.     Plaintiff Must Have Performed Additional Duties Beyond Merely Driving to Render His Commute Compensable.**

As established above, an employee must engage in work-related activities in addition to the act of driving—such as receiving instructions, loading tools or equipment, or performing other tasks integral and indispensable to the principal work—to trigger the applicability of 29 C.F.R. § 785.38. The regulation itself is explicit on this point, and courts interpreting § 785.38 consistently require more than mere travel or vehicle operation to convert commute time into compensable hours worked.

Plaintiff nonetheless attempts to sidestep this requirement by challenging the relevance of *Medina v. Ricardos Mechanical, Inc.*, a decision that directly supports Defendants' position. Plaintiff concedes that he "does not disagree with the result in *Medina*"—a result that unequivocally holds that driving a company vehicle, without more, does not render commute time compensable. *See* Opposition at 5. Instead, Plaintiff claims he merely objects to the manner in which the *Medina* court reached its conclusion. *Id.*

This objection is both immaterial and legally unsound. *Medina* correctly interprets the plain language of Section 785.38 and applies the regulation in a manner consistent with binding authority interpreting the Portal-to-Portal Act. The decision reflects the well-settled principle that commute time remains non-compensable unless the employee is required to perform work that is integral and indispensable to the day's principal activities at the employer's premises or designated meeting place.

4

Plaintiff's attempt to dismiss *Medina* because he disapproves of the court's analytical framework is not a valid legal argument. A party's subjective dissatisfaction with a court's reasoning has no bearing on the decision's precedential value—or its direct applicability to the facts here. Plaintiff offers no authority undermining *Medina*, no contrary interpretation of § 785.38, and no factual allegations that would distinguish his case from *Medina*'s holding. Indeed, he admits that *Medina*'s result is correct, which alone defeats his position.

Moreover, Plaintiff's dismissal of *Medina* is particularly unconvincing because *Medina* aligns with other decisions in this Circuit addressing similar commute-time claims. Courts routinely reject attempts to transform routine transportation into compensable work absent allegations of additional duties performed. Plaintiff's Amended Complaint contains no such allegations. He alleges only that he was required to drive a company vehicle—already loaded with tools and a coworker—to the job sites. Driving a pre-loaded company vehicle, without any loading, instruction, preparation, or other work-related tasks, falls squarely within the type of activity the Portal-to-Portal Act deems non-compensable.

Accordingly, Plaintiff's effort to avoid *Medina* fails, and the legal principle it articulates—consistent with Section 785.38 and the Portal-to-Portal Act—compels dismissal of Plaintiff's drive-time claims for the period of March 1, 2021 through August 31, 2022.

  **C.**  **Plaintiff Has Identified His Job Duties, and Thus the Question of Whether His Commute Is Compensable Presents a Pure Question of Law**

As a threshold matter, Plaintiff expressly defines his job duties in the Amended Complaint, describing himself as a manual laborer engaged in construction and property maintenance and, during the winter months, performing snow-removal services. *See* Am. Compl. ¶¶ 9, 26–27. Having affirmatively pleaded the nature of his work, Plaintiff cannot now manufacture a factual dispute by claiming that his job duties are "unknown" or "undetermined." His assertion that the

Court cannot discern his duties is not only inconsistent with his own pleading but also legally untenable. Courts routinely rely on a plaintiff's own allegations to determine the scope of job duties at the Rule 12(b)(6) stage. *See Keiler v. Harlequin Enters.*, 751 F.3d 64, 68 (2d Cir. 2014) ("the Court must accept as true all allegations in the complaint").

With the job duties clearly identified, the question becomes whether driving a company vehicle from Defendants' premises to various job sites is "integral and indispensable" to those duties within the meaning of the Portal-to-Portal Act. That inquiry—whether a particular task is integral and indispensable to an employee's principal activities—is a question of law when the underlying job duties are undisputed. Plaintiff's attempt to cast this as a factual question is merely an effort to sidestep the dispositive legal principles that render his commute non-compensable.

Plaintiff's reliance on *Williams v. EPIC Security Corp.* is therefore misplaced. According to Plaintiff, *Williams* denied summary judgment because the employees' job duties were disputed. *See* Opposition at 6. What Plaintiff omits, however—and for obvious reasons—is that *Williams* turned on allegations that the security guards were required to report to the employer's headquarters to receive instructions prior to beginning their shifts. *See Williams v. EPIC Sec. Corp.*, 15-cv-05610-AKH, 2018 WL 2452757, at *3 (S.D.N.Y. May 31, 2018). That fact placed the case squarely within the scope of 29 C.F.R. § 785.38, just as in *Gortat* and *Hajny*. The critical factor in *Williams* was not uncertainty about job duties, but the presence of allegations that employees received *instruction* at the employer's premises prior to leaving for the job sites.

Plaintiff's continued citation to cases such as *Williams*, *Gortat*, and *Hajny*—all of which involve employees who allegedly received instructions, loaded tools, or performed other work at the employer's premises—only underscores the deficiencies in his own allegations. In each cited case, courts identified specific pre-shift activities that potentially rendered travel time compensable

6

under Section 785.38. Here, by contrast, Plaintiff alleges none of those activities. He concedes he did not receive instructions, did not load tools, did not prepare materials, and did not perform any work at Defendants' premises prior to traveling. His reliance on cases that expressly involve such activities is therefore fundamentally flawed.

In short, Plaintiff has identified his job duties, and those duties—manual labor in construction, maintenance, and snow removal—do not transform routine travel into compensable work. Whether driving is integral and indispensable to these duties is a legal question, and under binding authority and the plain terms of Section 785.38 and the Portal-to-Portal Act, the answer is unequivocally no.

> **D.  Defendants' Motion to Dismiss Is Limited to Plaintiff's Employment Period of March 1, 2021 Through August 31, 2022; Thus, Plaintiff's Arguments Concerning the Period Beginning September 1, 2022 Are Irrelevant**

In Sections IV and V of his Opposition, Plaintiff devotes substantial argument to defending the compensability of commute time during the period when he was permitted to drive a company vehicle directly between his home and the job sites—specifically, from September 1, 2022 through the end of his employment on February 9, 2024. *See* Opposition at 10 ("Plaintiff has sufficiently alleged that the Defendants required him to pick up another employee during the time period that Polar permitted him to commute directly to work from home.") and 11 ("During the time that the Plaintiff was permitted to commute directly from home to the first work location …"); *cf.* Amended Complaint at ¶ 39 ("After the first year and a half, the Plaintiff was permitted to drive the company van to and from his residence …").

These arguments are entirely misplaced. Defendants have expressly limited their Motion to Dismiss to Plaintiff's first year and a half of employment—March 1, 2021 through August 31, 2022. *See* Amended Complaint at ¶ 33 ("For approximately the first year and a half of his

7

employment, the Plaintiff was required to report to the Defendants' place of business"). It is this period—and only this period—that Defendants challenge at the current stage of litigation.

Accordingly, Plaintiff's extensive discussion of events occurring after August 31, 2022 is irrelevant to the instant motion. Defendants have not sought dismissal of claims arising from that later time frame, nor have they advanced any arguments pertaining to it. Plaintiff's attempt to inject issues outside the scope of the motion serves only to obscure the actual legal question presented: whether his commute between Defendants' premises and the job sites during the first eighteen months of employment is compensable under the FLSA and applicable regulations.

Because the Court need not (and should not) resolve issues concerning periods not challenged in Defendants' motion, Sections IV and V of Plaintiff's Opposition have no bearing on the present analysis and should be disregarded in their entirety.

### E. Defendants' Motion to Dismiss Plaintiff's NYLL 195(1) and (3) Claims for the Time Period of March 1, 2021 through August 31, 2022 Are Not Premature

Plaintiff next argues that Defendants cannot invoke the affirmative defenses provided under NYLL §§ 198(1-b) and 198(1-d) because, in his view, these defenses are unavailable in actions brought directly by employees rather than by the Commissioner of Labor. To support this contention, Plaintiff relies exclusively on *Deng v. Frequency Electronics, Inc.*, a single district court decision that appears to stand alone on this issue. Plaintiff's position is both legally incorrect and contrary to the plain statutory text.

*Deng* acknowledges that NYLL §§ 198(1-b) and 198(1-d) establish "two paths to recovery"—one through a private action by an employee and another through enforcement by the Commissioner of Labor. *Deng v. Frequency Elecs., Inc.*, 640 F. Supp. 3d 255, 266 (E.D.N.Y. 2022). The court then opined that the affirmative defense of complete and timely payment applies only to

8

actions brought by the Commissioner. But nothing in the statutory language supports this limitation, and the *Deng* Court did not identify any textual basis for its conclusion. *Id.*

Indeed, the statutory text unmistakably extends the affirmative defense to **any** action—whether brought by an employee or the Commissioner:

- Section 198(1-b) states: "**In any action** or administrative proceeding to recover damages for violation of [NYLL 195(1)(a)], it shall be an affirmative defense that (i) the employer made complete and timely payment of all wages due pursuant to this article … to the employee who was not provided notice as required …". N.Y. Lab. Law § 198(1-b) (emphasis added).

- Section 198(1-d) contains materially identical language: "**In any action** or administrative proceeding to recover damages for violation of [NYLL 195(3)], it shall be an affirmative defense that (i) the employer made complete and timely payment of all wages due pursuant to this article … to the employee who was not provided statements …". N.Y. Lab. Law § 198(1-d) (emphasis added).

Neither provision carves out employee actions. Neither limits the affirmative defense to enforcement proceedings initiated by the Commissioner. The Legislature easily could have imposed such a limitation had it intended to do so—but it did not. Plaintiff's argument requires the Court to read into the statute words that are not there, in contravention of basic canons of statutory construction.

Furthermore, *Deng* appears to be the only decision to adopt Plaintiff's reading of the statute, and even then, it did so only in passing. Defendants have found no other case adopting *Deng*'s construction, and critically, *Deng* did not cite to any other case on this issue nor has it been cited by any court for the proposition Plaintiff advances here. Its interpretation does not seem to have been followed, endorsed, or even discussed by subsequent courts.

Equally significant, *Deng* did not analyze the availability of the affirmative defense in the context of an actual wage-notice or wage-statement claim. Instead, the court addressed the interplay between Sections 195 and 198 solely to determine whether the plaintiff had Article III standing. Its comments on the scope of the affirmative defense were not essential to its holding

9

and therefore constitute dicta—not controlling authority, not persuasive authority, and certainly not a basis to disregard explicit statutory language.

Because the statutory text plainly allows the affirmative defense in "any action," and because *Deng* provides no binding or persuasive reason to disregard that command, Plaintiff's argument collapses under the weight of both statutory interpretation and common sense. As Defendants have shown, Plaintiff has failed to allege any viable claim for underpayment of wages for the period March 1, 2021 through August 31, 2022. Absent an underpayment, Plaintiff cannot recover statutory damages under NYLL § 195 for this period. The affirmative defense applies, and Plaintiff's notice and wage-statement claims for this timeframe must be dismissed accordingly.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's claims concerning his commute between Defendants' premises and the job sites during the period of March 1, 2021 through August 31, 2022 fail as a matter of law. Plaintiff has not alleged that he performed any compensable pre- or post-shift duties that would bring his travel time within the scope of 29 C.F.R. § 785.38 or the "integral and indispensable" exception to the Portal-to-Portal Act. His reliance on inapplicable case law, mischaracterized authorities, and arguments directed at an unchallenged employment period cannot salvage his defective claims. Accordingly, Defendants respectfully request that the Court grant their Motion to Dismiss in its entirety, together with such other and further relief as the Court deems just and proper.

Dated: Massapequa, New York  
　　　　November 21, 2025

The NHG Law Group, P.C.

By: Keith E. Williams, Esq.  
*Attorneys for the Defendants*  
4242 Merrick Road  
Massapequa, New York 11758  
Tel: 516.228.5100  
keith@nhglaw.com