

**Steven J. Moser, Esq.**
steven.moser@moserlawfirm.com
631.697.8876

March 11, 2026

**VIA ECF**

Anne Y Shields
United States District Court, EDNY
100 Federal Plaza
Central Islip, NY 11717

Re:   *Contreras, Carlos v Polar Property Services*
      Case No.: 25-cv-00418-NJC-AYS

Dear Judge Anne Y Shields,

We represent the Plaintiff(s) in the above referenced FLSA/NYLL action. With this letter, the parties request that the Court evaluate the fairness of the terms of the proposed Settlement Agreement, a copy of which is annexed hereto as Exhibit 1.

## Factual Background

This action was commenced on January 24, 2025: *See* Complaint, ECF No. 1. Defendants filed a letter motion for a pre-motion conference concerning pre-answer motion to dismiss on March 18, 2025. ECF No. 11. On May 16, 2025 the Plaintiff filed a First Amended Complaint (ECF No. 18, "FAC"). The FAC contained substantively the same allegations as the original Complaint. More specifically, Carlos Contreras worked as a laborer for Polar Property Services, Inc. from Approximately March 1, 2021 until on or about February 9, 2024. FAC ¶ 28. During his employment he was paid a daily rate which was intended to compensate him for an 8 hour day. FAC ¶¶ 29-30. The Plaintiff alleged that he was required to be at the job site(s) for 40 hours, and that he was not, but should have, been paid for pre-and post-shift driving duties. These included driving a company van and transporting a co-worker. FAC ¶¶ 31-41.

Defendants, on the other hand, claimed that the pre-and post shift driving duties which the Plaintiff performed from March 1, 2021 until August 31, 2022 constituted non-compensable commute time. *See* Def. MOL (ECF No. 28-1). Factually, the Defendants contended that (1) after August 31, 2022 Mr. Contreras was not "required" to pick up any other employees, and (2) the specific employee identified by Mr. Contreras lived so close to Mr. Contreras that any time added to Mr. Contreras' commute was *de minimis*.

On January 16, 2026, following briefing on Defendants' motion to dismiss, the parties participated in mediation with Andrew Kimler, Esq. At that time they reached a settlement in principle for $22,500.00. The terms were memorialized in a written agreement (Exhibit 1).

March 11, 2026
Re:     Contreras Carlos v Polar Property Services
Case No.:     25-cv-00418-NJC-AYS
Page 2



### Standard

Judicial approval of FLSA settlements is necessary to preserve the FLSA's purpose "to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citing *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S. Ct. 807, 89 L. Ed. 1095 (1945)).  Here, the proposed settlement (1) fairly accounts for Plaintiff's possible recovery; (2) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses; (3) accounts for the risks in proceeding with the litigation; and (4) is the product of arm's-length bargaining between experienced counsel.  *See gen. Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

### The Proposed Settlement is Fair and Reasonable

**The settlement fairly accounts for Plaintiffs' possible recovery.** Plaintiff will receive $14,235.00.  Plaintiff was paid a daily rate.  Under some circumstances, where an individual is paid a daily rate, "his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked." 29 C.F.R. § 778.112.  Using this method of calculation, Plaintiff's overtime damages were estimated to be $14,456.25.  In other words, the settlement comes close to 100% of the Plaintiff's claimed unpaid overtime wages.

**The settlement is reasonable in light of the risks of litigation and avoids the burden and expense of litigation.** Here the defendants asserted that the Defendant's pre-and-post shift activities were either *non-compensable* as a matter of law or *de minimis*.  While the Plaintiff's counsel is confident that we would prevail, "[t]he outcome of any litigation is inherently risky." O'Connell v. Arthur Andersen, LLP (In re AlphaStar Ins. Group, Ltd.), 383 B.R. 231, 262. If Defendants, Plaintiff faces the possibility of receiving no recovery at all. Further, Plaintiff faces the prospect of waiting months, if not years, for the matter to proceed through discovery, motion practice, and, eventually, trial.

**The settlement is the product of arm's-length bargaining between experienced counsel in order to resolve bona fide disputes**.  The Parties were able to resolve this controversy with the invaluable help of Andrew Kimler, Esq., a member of this Cour's mediation panel. The Agreement constitutes an effort by experienced labor and employment counsel for all Parties to resolve the dispute under the best possible circumstances for their respective clients. Further, Plaintiff is satisfied with the settlement amount and voluntarily and willingly entered into the Agreement without coercion or duress.

March 11, 2026
Re:     Contreras Carlos v Polar Property Services
Case No.:     25-cv-00418-NJC-AYS
Page 3



**The Agreement does not contain provisions prohibited by the Second Circuit.** The Agreement does not contain a confidentiality provision, a general release, a non-disparagement clause or other terms found objectionable by the Second Circuit in *Cheeks*, 796 F.3d at 206.

**The Attorneys' Fees and Costs are Reasonable**. Plaintiff's counsel is seeking one-third of the settlement amount as a fee ($7,500.00) plus recovery of the expenses incurred in prosecuting this case ($765.00). "Courts in this Circuit routinely approve of one-third contingency fees for FLSA cases." *McPherson v. Look Ent. Ltd.*, 23-cv-04273 (JMA)(JMW), 2025 WL 43165, at *5 (E.D.N.Y. Jan. 7, 2025); *Fischer v. SD Protection Inc.*, 948 F.3d 593, 602 n.8 (2d Cir. 2020) (citing cases); *Singh v. MDB Construction Mgmt., Inc.*, 16-cv-05216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018)). Further, Courts in this District approve reasonable out-of-pocket expenses that are incidental and necessary to a plaintiff's representation that are incurred by the attorney. *See Perez v. 66 Meat Corp.*, No. 22-CV-7003, 2024 WL 2716851, at *7-8 (E.D.N.Y. May 28, 2024), report and recommendation adopted, 22-cv-07003 (NCM)(JAM), 2024 WL 3161838 (E.D.N.Y. June 25, 2024).

## Conclusion

For the foregoing reasons, the Parties request that the Court review the fairness of the proposed FLSA settlement. If the Court finds that the settlement is fair, the parties request that the case be dismissed with prejudice. A proposed so-ordered stipulation of dismissal with prejudice is annexed as Exhibit 3.

Respectfully submitted,

*Steven J. Moser, Esq.*
Steven J. Moser

CC: All counsel of record via ECF

MOSER LAW FIRM, P.C.
453 West Main Street, Huntington, NY 11743
O: (631) 759-9766 | www.moserlawfirm.com