# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between, on the one hand, CARLOS CONTRERAS ("Plaintiff") and, on the other hand, POLAR PROPERTY SERVICES, INC., JOHN A. ROMANELLI, and RICHARD P. SCULCO (collectively, "Defendants") (Defendants and Plaintiff collectively, the "Parties" and each party a "Party").

**WHEREAS**, on or about January 24, 2025, Plaintiff initiated legal action against Defendants in the United States District Court for the Eastern District of New York (the "Court"), entitled *Contreras v. Polar Property Services, Inc., et al.*; 2:25-cv-00418-NJC-AYS (the "Action"), in which Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for unpaid wages and record keeping violations; and,

**WHEREAS**, in the Action, Plaintiff has alleged, among other things, that Defendants failed to pay him overtime compensation and failed to provide him with wage notices and statements; and,

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiff; and,

**WHEREAS**, the Court has not made any findings with respect to the merits of any of the claims asserted in the Action, or otherwise; and,

**WHEREAS**, the Parties agree that there are *bona fide* disputes between them in this Action and the Parties desire to resolve all disagreements between them, including those asserted in the Action, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**WHEREAS**, it is Defendants' position that they are entering into this Agreement solely for the purpose of avoiding the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims, contentions, and differences arising under the FLSA and/or the NYLL that have been or could have been alleged by Plaintiff against Defendants related to Plaintiff's employment; and,

**WHEREAS**, the Parties negotiated the resolution of this matter at arm's-length, holding continued informal and formal settlement discussions regarding their respective settlement positions, including a mediation through the Court's Mediation Panel. The Parties were able to agree to a settlement in principle, which has been finalized and memorialized into this Agreement;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Consideration:** The Parties are entering into this Agreement in exchange for good and valuable consideration. Plaintiff agrees that he will not seek any further consideration from

The signed document can be validated at https://app.vinesign.com/Verify

Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 below, in relation to the released claims in Paragraph 3 below. In addition, Plaintiff agrees that the amount being paid to him represents all alleged unpaid wages and other alleged damages relating to his FLSA and NYLL claims from the commencement of his employment with Defendants to the present, including interest, monetary penalties, liquidated damages, and attorneys' fees and costs.

2. **Settlement Amount and Payment:**

    a. As a full settlement and final satisfaction of the FLSA and the NYLL claims that Plaintiff has, had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the release set forth in Paragraph 3 below, Defendants agree to pay Plaintiff the total sum of Twenty-Two-Thousand Five-Hundred Dollars and Zero Cents ($22,500.00) (the "Settlement Amount") on or before April 1, 2026, to be allocated and payable as follows:

        i. a check made payable to "CARLOS CONTRERAS" in the gross amount of Fourteen-Thousand Two-Hundred Thirty-Five Dollars and Zero Cents ($14,235.00), representing payment of alleged statutory and civil monetary damages, to be reflected on an IRS Form 1099-Misc, Box 3;

        ii. a check made payable to "Moser Law Firm, PC" in the amount of Eight-Thousand Two-Hundred Sixty-Five Dollars and Zero Cents ($8,265.00), representing attorneys' fees and reimbursable costs, to be reflected on an IRS Form 1099-MISC, Box 10.

    b. The payment set forth in this Paragraph shall be delivered to Moser Law Firm, PC, 133C New York Avenue, Huntington, NY 11743. Defendants' payment obligation under this Agreement shall be fully satisfied upon delivery of the checks to Plaintiff's Counsel pursuant to this Paragraph. Upon delivery, Defendants shall bear no responsibility for further distribution of the Settlement Amount to Plaintiff.

    c. Notwithstanding the deadline to deliver the Settlement Amount in Paragraph 2(a), no payment shall be made unless and until (i) Defendants receive a fully completed and executed IRS Form W9 from Plaintiff and Plaintiff's counsel, and (ii) the Court approves this Agreement and either dismisses the Action with prejudice or otherwise directs the Clerk to close the Action with prejudice.

    d. Plaintiff agrees and affirms that the Settlement Amount described in this Paragraph shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel, and is inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses. Except as provided in this Agreement, no other payments are owed to Plaintiff relating to his FLSA and NYLL claims.

3. **Release of All Fair Labor Standards Act and New York Labor Law Claims:**

    a. Plaintiff, on behalf of himself and on behalf of his dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents

("Releasors"), does hereby knowingly, voluntarily, unconditionally, and irrevocably waives, releases, and forever discharges Defendants, along with their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, assigns, officers, directors, trustees, agents, shareholders, administrators, representatives, insurers, fiduciaries, accountants, and attorneys, (collectively, "Releasees"), from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, or causes of action, known or unknown, suspected or unsuspected, contingent or non-contingent, specifically asserted or not, arising under the FLSA, the NYLL, and any other applicable wage and hour payment laws, rules, or regulations, for any and all claims for alleged unpaid or underpaid overtime wages, minimum wages, spread of hours pay, tips, liquidated damages, statutory penalties, pay frequency violations, record-keeping violations, improper deductions, interest, and attorneys' fees, costs, and disbursements, based upon any conduct occurring from the beginning of time up to and including the effective date of this Agreement (as defined below).

    **4.**    **No Admission of Liability**:

    a.    Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiff has asserted, could have asserted, or may assert in connection with Plaintiff's employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation and disruption of Defendants' business activity due to the pendency and expense of litigation.

    b.    Nothing in this Agreement shall be deemed or used as an admission of liability by Defendants or Releasees. Neither Defendants nor Releasees admit to liability and expressly deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in Plaintiff's pleadings in the Action and in any other proceeding, document, or statement whatsoever by or on behalf of Plaintiff. Plaintiff and Defendants understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or Releasees of guilt or non-compliance with any federal, state, or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express, or implied), common law, Defendants' policies or practices, any benefit plans, compensation or commission plans, or procedures, or of any other wrongdoing whatsoever.

    c.    Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, document, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (i) an admission or concession on the part of Releasees of any liability, wrongdoing, or of any violation of any federal, state, or local statute, rule, regulation, or principle of common law or equity; or (ii) an admission or concession on the part of Defendants or Releasees that Plaintiff has suffered any damage.

    **5.** ***Bona Fide* Dispute:** Plaintiff, after consultation with his Counsel, and in consideration of all the alleged facts and circumstances surrounding his employment with Defendants, agrees that this Agreement is a settlement of disputed claims. The Parties agree that there are *bona fide* disputes as to whether Plaintiff could prevail on the merits of his claims, and that the amounts being paid to Plaintiff, as set forth herein, are a fair and reasonable resolution to these *bona fide* disputes. Plaintiff stipulates and agrees that the terms of this Agreement represent a reasonable compromise of *bona fide* disputes regarding his entitlement to statutory wages, including unpaid wages, liquidated damages, statutory penalties, attorneys' fees and costs, and any other relief available under the FLSA and/or the NYLL.

    **6.** **Non-Disparagement:**

    a. Plaintiff agrees not to make, or cause to be made, any Disparaging statements (i) about Defendants or Releasees, whether by written, oral, or electronic means (including, without limitation, by any posting or commentary on any website or through any social media), (ii) to any of Defendants' past, present, or future clients, competitors, or employees, or (iii) about Defendants or Releasees to any other person (including, but not limited to, the press or other media).

    b. For the purposes of this paragraph, a "Disparaging" statement or representation is any communication that, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character, or product/service quality of the Person about whom the communication relates.

    c. For the avoidance of doubt, a "Disparaging" remark does not include truthful statements regarding Plaintiff's experiences concerning this Litigation.

    d. This Paragraph does not, in any way, restrict or impede Plaintiff from exercising protected rights, including rights under the National Labor Relations Act, to the extent that these rights cannot be waived by agreement, or from complying with any applicable law or regulation or a valid order of a court of competent jurisdiction or an authorized government agency, provided that such compliance does not exceed that required by the law, regulation, or order. Plaintiff agrees that he shall promptly provide written notice of any such order to Defendants.

    **7.** **No Consideration Absent Execution of This Agreement:** Plaintiff understands and agrees that he will not receive the monies and/or benefits specified in Paragraph 2 unless and until (1) he executes this Agreement and provides the executed Agreement to defense counsel; (2) Plaintiff and Plaintiff's Counsel both provide executed tax forms in compliance with Paragraphs 2 and 8; and, (3) the Agreement is judicially approved and/or enforced by the Court.

    **8.** **Taxes:** Plaintiff assumes full responsibility for his respective portion of the Settlement Amount for any and all claims, demands, liens, deficiencies, levies, assessments, executions, judgments, or recoveries by any governmental entity against Releasees for any amounts claimed due on account of this Agreement or pursuant to the claims made under any federal, state, or local tax laws. If the Internal Revenue Service, the New York State Department of Taxation, or any other federal, state, or local government, administrative agency, or court determines that Plaintiff and/or any Defendant is liable for any failure of Plaintiff to pay federal,

4

state, or local income or employment taxes with respect to the Settlement Amount set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiff agrees to indemnify and hold Defendants harmless for any such liability, claims, demands, liens, deficiencies, levies, assessments, executions, judgments, or recoveries, including for attorneys' fees and costs in enforcing this provision. Plaintiff acknowledges that he has been advised to speak with a tax attorney of his choosing in reference to this Paragraph and the tax treatment of the Settlement Amount, and Plaintiff acknowledges that he is not relying on any tax advice provided to him by Defendants or any attorneys appearing in this case.

9. **Termination of Action and Filing of Stipulation of Dismissal with Prejudice:** Upon this Agreement being fully executed by all Parties, Plaintiff's counsel shall draft a Motion for FLSA Settlement Approval, to be reviewed by defense counsel, seeking judicial approval of this Agreement and dismissal of the Action with prejudice. The Parties hereby authorize their respective counsel to execute a Stipulation of Dismissal with Prejudice contemporaneously with the Parties' execution of this Agreement, which will be filed with the Court along with Plaintiff's Motion for FLSA Settlement Approval.

10. **Return of Property:** Plaintiff agrees and confirms that to the best of his knowledge and recollection, he has returned all property of Defendants in his possession, custody, or control, including, for example, any and all keys, equipment, supplies, documents, reports, manuals, computer media, or business records. Plaintiff further agrees and confirms that to the best of his knowledge and recollection, he has received all of his own property from Defendants and that Defendants are not in possession of any property, things, documents, or the like belonging to Plaintiff.

11. **Covenant Not to Sue:** Plaintiff, on behalf of himself and his heirs, executors, administrators, agents, and assigns, agrees not to file a lawsuit or commence any other legal proceeding against Defendants or Releasees concerning any matter released in this Agreement. If Plaintiff or his heirs, executors, administrators, agents, or assigns breaches this Paragraph, as determined by a Court of competent jurisdiction, Defendants and/or Releasees will be entitled to recover their reasonable attorneys' fees and costs relating to the enforcement of this Agreement and/or defense of such claims, provided that Defendants and/or Releasees are a prevailing Party.

12. **No Pending Claims:** Plaintiff hereby represents that other than this Action, which will be dismissed with prejudice upon the Court judicially approving this Agreement, there are no other pending actions (either jointly or individually), administrative charges or complaints, grievances, arbitrations, investigations, or proceedings involving the released claims against Defendants with any federal, state, or local administrative agency, judicial tribunal, arbitration tribunal, federal or state Department of Labor, or otherwise. Plaintiff agrees that if any court, tribunal, or administrative agency of competent jurisdiction assumes or has assumed jurisdiction over any released claim, he will promptly request in writing that the court, tribunal, or administrative agency withdraw the matter with prejudice.

13. **No Liens:** Plaintiff warrants and represents that (a) no Medicare payments and/or Conditional Payments (as defined by 42 U.S.C. § 1395y(b), and its implementing regulations) have been made to such Plaintiff or on such Plaintiff's behalf concerning any Released Claims; and (b) no liens, claims, demands, subrogated interests, or causes of action exist or have been asserted

concerning any Released Claims. Plaintiff agrees to indemnify and hold Defendants harmless from any and all damages, costs (including court costs), and fees (including attorneys' fees and legal fees) that Defendants incur or suffer in connection with or as a result of Plaintiff's failure to obtain any release of lien relating to or arising from the facts and circumstances of this Action, including but not limited to liens or rights of reimbursement asserted against the Settlement Amount by any insurer, government agency, healthcare professional, healthcare provider, attorney, or other entity or person asserting a lien relating to or arising from this Action.

14. **Breach:** In the event of a breach or threatened breach of this Agreement, the Parties agree that they shall first negotiate in good faith to resolve any dispute arising under this Agreement. Should the breach or threatened breach not be resolved after this good faith negotiation, any Party may proceed as necessary to enforce this Agreement and will be entitled to any and all remedies available at law.

15. **Choice of Law and Forum:** This Agreement shall in all respects be interpreted, enforced, and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim, or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in the County of Nassau, State of New York. Such courts shall have exclusive jurisdiction over such claim, dispute, or disagreement, and the Parties consent to the personal jurisdiction of those courts. The parties expressly waive the right to a jury trial in any dispute, claim, or cause of action arising out of, or related to, this Agreement.

16. **Effective Date:** This Agreement shall become effective as of the date the Court grants Plaintiff's Motion for FLSA Settlement Approval, judicially approving this Agreement, and dismisses this Action with Prejudice or otherwise directs the Clerk of Court to close this Action with prejudice.

17. **Entire Agreement:** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes and replaces any and all prior agreements, contracts, term sheets, promises, understandings, or representations, whether oral or written, express or implied, between the Parties hereto regarding the subject matter herein. There is no other agreement pertaining to the subject matter herein except as stated herein. Each Party acknowledges that no other Party has made any promises relating to the subject matter herein other than those contained in this Agreement. Plaintiff acknowledges that in deciding to execute this Agreement, he has not relied on any promises or commitments, whether spoken or in writing, made to Plaintiff by any person, except for what is expressly stated in this Agreement.

18. **Severability:** The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof. If any provision declared to be invalid or unenforceable cannot be modified to be enforceable, excluding the release language in Paragraph 3, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the release language in Paragraph 3 is found to be illegal, invalid, or unenforceable, Plaintiff and Defendants agree to negotiate in good faith and execute a binding replacement release that is as close in scope to

Paragraph 3 as is permissible under applicable law. If the Parties are unable to negotiate a binding replacement release, this entire Agreement shall be null and void in its entirety.

19. **Modification and Waiver:** This Agreement may not be changed, modified, or supplemented unless such change, modification, or supplementation is in writing and signed by the Parties who are affected by such change, modification, or supplementation. No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof.

20. **Neutral Construction and Fair Meaning:** Each party to this Agreement was represented by counsel who had the opportunity to review and participate in the drafting of this Agreement and, accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed or used in any interpretation or enforcement of this Agreement. Accordingly, the language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any particular Party hereto.

21. **Assignment of Claims:** Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action, or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

22. **Counterparts:** This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same documents. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

23. **Headings:** The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

24. **Facsimile, Email, and Electronic Signatures:** A facsimile or email copy of this Agreement will have the same force and effect as the original. The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand, and the Parties hereby waive any objection to the contrary.

25. **Acknowledgements by Plaintiff:** By signing this Agreement, Plaintiff acknowledges that he has read this Agreement and understands that by signing this Agreement he is giving up important rights. Plaintiff acknowledges that he has had adequate opportunity to discuss the terms of this Agreement and release of claims with his legal counsel, and that he did so. Plaintiff acknowledges that it is his choice to release and forever waive the claims released in Paragraph 3 in return for the benefits set forth in this Agreement, and this choice was made after careful thought and consulting with his attorneys.

26. **Competence and Authority to Execute Agreement:** The undersigned individuals hereby warrant and represent that they are fully competent and have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this

Agreement, on behalf of the individuals and/or entities for which or for whom they have signed, and that they are acting within the scope of their authority.

**The Parties to this Agreement, with the benefit of representation and advice of counsel, have read the foregoing Agreement and fully understand each and every provision contained herein, and intend to be legally bound by its provisions. Each Party affirms that he/she/it freely and knowingly, after due consideration, enters into this Agreement.**

**WHEREFORE, the Parties have executed this Agreement on the date shown below.**

**AGREED:**

_____   Dated: _____03/10/2026_____
**CARLOS CONTRERAS**


_____   Dated: _____
**POLAR PROPERTY SERVICES, INC.**
By: Richard P. Sculco


_____   Dated: _____
**JOHN A. ROMANELLI**


_____   Dated: _____
**RICHARD P. SCULCO**

8